**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**



**FILED**

APR 1 8 2006

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **Charles H. Camp**<br>**210 Halpine Walk Court**<br>**Rockville, Maryland 20851,** | )<br>)<br>) |
| **Plaintiff,** | CASE NUMBER  1:06CV00692 |
| | JUDGE: Richard J. Leon |
| **v.** | DECK TYPE: Contract |
| **Tomas O. Kollen**<br>**812 Constellation Drive**<br>**Great Falls, Virginia 22066,** | DATE STAMP: 04/18/2006<br>)<br>) |
| **Defendant.** | )<br>) |

---

**VERIFIED COMPLAINT**
**ON**
**CONFESSION OF JUDGMENT PROMISSORY NOTE**

Plaintiff Charles H. Camp ("Plaintiff" or "Camp"), under penalty of perjury pursuant to 28

U.S.C. Section 1746, hereby verifies that the following allegations against Defendant Tomas O.

Kollen ("Defendant" or "Kollen") are true and correct:

**I.**

**PARTIES**

1.      Plaintiff, Charles H. Camp, is a citizen and resident of Maryland residing at 210

Halpine Walk Court, Rockville, Maryland 20851.

2.      Defendant, Tomas O. Kollen, is a citizen and resident of Virginia residing at 812

Constellation Drive, Great Falls, Virginia 22066.

## II.

### JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. In addition, Defendant irrevocably agreed in writing to non-exclusive personal jurisdiction in the District of Columbia for all purposes. *See* Exhibit 1 hereto at 4 ("Jurisdiction").

4.    Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(a)(2).

## III.

### BREACH OF CONTRACT

### (CONFESSION OF JUDGMENT PROMISSORY NOTE)

5.    On December 15, 2005, Plaintiff, within the District of Columbia, signed and delivered to Defendant a Confession of Judgment Promissory Note (the "Note") having an effective date of October 1, 2005.

6.    On or about December 20, 2005, within the District of Columbia, Defendant signed and delivered the Note to Plaintiff. A true and correct copy of the Note, signed by Plaintiff and Defendant, is incorporated by reference and attached hereto as Exhibit 1.

7.    Plaintiff is defined as "Holder" and Defendant is defined as "Maker" in the Note. Exhibit 1 at 1.

8.    Under the Note, on December 31, 2005, Defendant was required to pay Plaintiff Camp $35,000.00. Exhibit 1 at 2.

9.    Defendant Kollen failed to make the $35,000.00 payment required on December 31, 2005.

10.    On January 2, 2006, Defendant Kollen acknowledged and agreed he had defaulted on the Note. *See* Exhibit 2 hereto ("You acknowledged you have defaulted on the note and are required to pay the penalties provided for in the note because of your default.").

11.    The Note states that "If any payments are not timely made (there being no grace period under this Note), Maker shall also pay to Holder a late charge equal to 5% of each payment past due. Acceptance by Holder of any late payment without an accompanying late charge shall not be deemed a waiver of Holder's right to collect such late charge or to collect a late charge for any subsequent late payment received." Exhibit 1 at 2 ("LATE CHARGE").

12.    On January 3, 2006, Defendant Kollen paid Plaintiff Camp $12,000 on the Note. However, since January 3, 2006, no additional payments have been made by Defendant Kollen on the Note. *See* Exhibit 3 ("This morning, I received into my account the $12,000 you sent to me yesterday.")

13.    On January 9, 2005, Plaintiff accelerated the Note, making all amounts to have been paid to him by Defendant Kollen immediately due and payable. *See* Exhibit 4 hereto ("As you know, you repeatedly have told me you would transfer the remaining $23,000 portion of the $35,000 payment that was due on December 31, 2005, by today. I am very disappointed that you have not yet done so. Your actions force me to immediately accelerate the Confession of Judgment Promissory Note, which you previously have acknowledged defaulting upon by failing to make the required $35,000 minimum payment due on or before December 31, 2005. Consequently, as of today, you owe me $88,000 in principal, plus a 5% late fee on the $35,000 payment not timely paid on or before December 31, 2005 (*i.e.*, $1,750.00), plus 24% interest commencing as of October 1, 2005.").

14.    Under the Note, in the event of a default, all outstanding amounts owed under the Note "shall bear interest at the rate of twenty-four percent (24%) or the maximum rate allowable by District of Columbia law, which ever is higher ('Default Rate'). In the event the Default Rate is instituted pursuant to the terms of this Note, such rate shall be retroactively effective as of October 1, 2005, and shall be applied to the then outstanding balance. The Default Rate shall also apply from demand until all amounts owed under this Note are paid in full." Exhibit 1 ("DEFAULT RATE"). The Default Rate is the pre-judgment and post-judgment rate under any judgment obtained by Plaintiff Camp against Defendant Kollen.

15.    The Note, Exhibit 1 at 3, contains the following confession of judgment clause:

> **CONFESSION OF JUDGMENT.** Maker hereby constitutes and appoints Holder or any attorney designated by Holder (any of the foregoing may act), as the true and lawful attorneys-in-fact for him, in his name, place and stead, and upon the occurrence of a Default in the payment of the Obligations due under this Note, at maturity, or upon acceleration, to confess judgment against Maker, in favor of Holder, before any court as Holder may determine in his sole and absolute discretion, for all amounts owed with respect to the Obligations under and pursuant to this Note including, without limitation, all costs of collection and attorneys' fees, and court costs, hereby ratifying and confirming the acts of said attorney-in-fact as if done by Maker himself.

16.    Under the above Confession of Judgment paragraph of the Note, Plaintiff is constituted and appointed the true and lawful attorney-in-fact for Defendant, and is specifically authorized by Defendant "in his name, place and stead, and upon the occurrence of a Default in the payment of the Obligations due under this Note, at maturity, or upon acceleration, to confess judgment against Maker, in favor of Holder, before any court as Holder may determine in his sole and absolute discretion, for all amounts owed with respect to the Obligations under and pursuant to this Note including, without limitation, all costs of collection and attorneys' fees, and

court costs, hereby ratifying and confirming the acts of said attorney-in-fact as if done by Maker himself." Exhibit 1 at 3.

17.    Under the Note, Defendant is required to pay all of Plaintiff Camp's "reasonable expenses incurred to enforce or collect any of the Obligations including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses, whether incurred without the commencement of a suit, in any trial, arbitration, or administrative proceeding, or in any appellate or Bankruptcy proceeding."    Exhibit 1 at 2-3 ("ATTORNEYS' FEES AND OTHER COLLECTION COSTS").

## IV.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Camp urges the Court to enter the Confessed Judgment attached hereto as Exhibit 5 against Defendant Kollen in the amount $101,493.72 ($100,000.00, less $12,000.00, plus a late payment penalty of $1,750.00, plus $11,743.72 in pre-judgment interest from October 1, 2005, through April 17, 2006, calculated at the rate of twenty-four percent (24%)), plus all other pre-judgment interest at twenty-four percent (24%) that may accrue from and after April 17, 2006, until the Confessed Judgment is entered by the Court, plus all expenses incurred by Plaintiff Camp to collect all amounts owed by Defendant Kollen under the Note and Judgment to Plaintiff Camp, plus post-judgment interest on the whole at the applicable statutory rate.

Respectfully submitted,

Charles H. Camp, *Pro Se*
210 Halpine Walk Court
Rockville, MD 20851
Office Telephone:  202-349-3905
Office Facsimile:  202-349-3906

**EXHIBIT 1**

## Charles Camp

| | |
|---|---|
| **From:** | Tomas O. Kollen [tkollen@spintcorp.com] |
| **Sent:** | Tuesday, December 20, 2005 12:00 PM |
| **To:** | ccamp@charlescamplaw.com |
| **Subject:** | Promissory Note |

**Attachments:** CharlesCampPromissoryNote20051220.pdf

Charles,

Pls. see attached signed note.

Good Luck tomorrow and please call me afterwards,


Best Regards,

Tomas

## CONFESSION OF JUDGMENT PROMISSORY NOTE

$100,000.00                                     Effective as of October 1, 2005

Tomas O. Kollen
1900 L Street, N.W., Suite 725
Washington, D.C. 20036

("Maker"),

      AND

Charles H. Camp
Law Offices of Charles H. Camp
1725 Eye Street, N.W., Suite 300
Washington, D.C. 20006

("Holder").

### IMPORTANT NOTICE

**THIS NOTE CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS MAKER AND ALLOWS HOLDER TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE.**

Tomas O. Kollen (hereinafter "Maker") promises to pay to the order of Holder, in lawful money of the United States of America, at Holder's address indicated above or wherever else Holder may specify, the principal sum of ONE HUNDRED THOUSAND and No/100 Dollars ($100,000.00) plus interest on the unpaid principal balance at the rate and on the terms provided in this Promissory Note (including all renewals, extensions or modifications hereof, this "Note").

**PURPOSE AND CONSIDERATION.** This Note is being signed by Maker as an inducement to Holder to not withdraw from representing West Indies Network I, LLC in its currently pending litigation in the United States District Court for the Southern District of Florida, despite Maker's prior breaches of its retainer agreement with Holder, including the Maker's agreement to pay Holder $90,000.00 "upon completion of mediation to cover fees and expenses through trial."

**DISCOUNT SATISFACTION OF THIS NOTE.** Maker may satisfy his obligations under this Note by paying Holder a total of $79,700.00[1] by not later than December 31, 2005.

---

[1] Calculated as follows: $90,000.00 that had been due and payable on October 1, 2005, less $2,500.00 paid September 30, 2005, $6,000.00 paid October 7, 2005, and $1,800.00 paid December 9, 2005.

**REPAYMENT TERMS.** The first payment due under this Note shall be due and payable <u>on or before</u> December 31, 2005, in the amount of $35,000.00. Thereafter, this Note shall be payable in monthly installments of $10,000.00 per month, due <u>on or before</u> the first (1st) day of each month commencing February 1, 2006, until all amounts due hereunder are paid in full.

**TIME IS OF THE ESSENCE WITH REGARD TO ALL PAYMENTS DUE UNDER THIS NOTE.**

**INTEREST RATE.** Interest on this Note shall accrue on the unpaid principal balance of this Note from the date hereof at the rate of TWELVE PERCENT (12.00%) ("Interest Rate").

**DEFAULT RATE.** In addition to all other rights contained in this Note, if a Default (as defined herein) occurs, all outstanding amounts owed under this Note shall bear interest at the rate of twenty-four percent (24%) or the maximum rate allowable by District of Columbia law, which ever is higher ("Default Rate"). In the event the Default Rate is instituted pursuant to the terms of this Note, such rate shall be retroactively effective as of October 1, 2005, and shall be applied to the then outstanding balance. The Default Rate shall also apply from demand until all amounts owed under this Note are paid in full.

**PREPAYMENT ALLOWED.** This Note may be prepaid in whole or in part at any time. Any prepayment shall include accrued interest and all other sums then due under this Note. No partial prepayment shall affect the obligation of Maker to make any payment of principal or interest due under this Note on the date specified below in the Repayment Terms paragraph of this Note until this Note has been paid in full.

**APPLICATION OF PAYMENTS.** Monies received by Holder on this Note shall be applied to accrued interest and penalties, and then to principal. If a Default occurs, monies may be applied to the Obligations in any manner or order desired by Holder, in Holder's sole and absolute discretion.

**DEFINITIONS. Obligations.** The term "Obligations" used in this Note refers to any and all indebtedness and other obligations under this Note. **Certain Other Terms.** All terms that are used but not otherwise defined shall have the definitions provided in the Uniform Commercial Code.

**LATE CHARGE.** If any payments are not timely made (there being no grace period under this Note), Maker shall also pay to Holder a late charge equal to 5% of each payment past due.

Acceptance by Holder of any late payment without an accompanying late charge shall not be deemed a waiver of Holder's right to collect such late charge or to collect a late charge for any subsequent late payment received.

**ATTORNEYS' FEES AND OTHER COLLECTION COSTS.** Maker shall pay all of Holder's reasonable expenses incurred to enforce or collect any of the Obligations including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses,

whether incurred without the commencement of a suit, in any trial, arbitration, or administrative proceeding, or in any appellate or Bankruptcy proceeding.

**DEFAULT.** If any of the following occurs, a default ("Default") under this Note shall exist: **Nonpayment; Nonperformance.** The failure of timely payment or performance of the Obligations or Default under this Note. **Cessation; Bankruptcy.** The death of, appointment of a receiver for, assignment for the benefit of creditors of, or commencement of any Bankruptcy or insolvency proceeding by or against Maker, or any party to this Note.

**REMEDIES UPON DEFAULT.** If a Default occurs under this Note, Holder may at any time thereafter, take the following actions: **Holder Lien.** Foreclose its security interest or lien on Maker's property without notice. **Acceleration Upon Default.** Accelerate the maturity of this Note and, at Holder's option, any or all other Obligations, whereupon this Note and the accelerated Obligations shall be immediately due and payable. **Cumulative.** Exercise any rights and remedies as provided under the Note, or as provided by law or equity.

**CONFESSION OF JUDGMENT.** Maker hereby constitutes and appoints Holder or any attorney designated by Holder (any of the foregoing may act), as the true and lawful attorneys-in-fact for him, in his name, place and stead, and upon the occurrence of a Default in the payment of the Obligations due under this Note, at maturity, or upon acceleration, to confess judgment against Maker, in favor of Holder, before any court as Holder may determine in his sole and absolute discretion, for all amounts owed with respect to the Obligations under and pursuant to this Note including, without limitation, all costs of collection and attorneys' fees, and court costs, hereby ratifying and confirming the acts of said attorney-in-fact as if done by Maker himself.

**WAIVERS AND AMENDMENTS.** No waivers, amendments or modifications of this Note shall be valid unless in writing and signed by Holder. No waiver by Holder of any Default shall operate as a waiver of any other Default or the same Default on a future occasion. Neither the failure nor any delay on the part of Holder in exercising any right, power, or remedy under this Note shall operate as a waiver thereof, nor shall a single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or remedy.

Maker hereby waives presentment, protest, notice of dishonor, demand for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, notice of sale and all other notices of any kind. Further, Maker agrees that Holder may extend, modify or renew this Note or make a novation of the loan evidenced by this Note for any period, and grant any releases, compromises or indulgences with respect to any collateral securing this Note, all without notice to or consent of Maker without affecting the liability of Maker under this Note.

**MISCELLANEOUS PROVISIONS. Assignment.** This Note shall inure to the benefit of and be binding upon the parties and their respective heirs, legal representatives, successors and assigns. Holder's interests in and rights under this Note are freely assignable, in whole or in part, by Holder. Maker may not assign his rights and interest hereunder without the prior written consent of Holder. Any attempt by Maker to assign without Holder's prior written consent is null and void. Any assignment shall not release any Maker from the Obligations. **Applicable Law; Conflict Between Documents.** This Note shall be governed by and construed under the laws of

.the laws of the District of Columbia without regard to that state's conflict of laws principles. **Jurisdiction.** Maker irrevocably agrees to non-exclusive personal jurisdiction in the District of Columbia and Virginia for all purposes, including discovery in aid of enforcement of this Note and the Judgment. **Severability.** If any provision of this Note shall be prohibited or invalid under applicable law, such provision shall be ineffective but only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note or other such document. **Notices.** Any notices to Maker shall be sufficiently given, if in writing and mailed or delivered to the Maker's address shown above or such other address as provided hereunder, and to Holder, if in writing and mailed or delivered to Holder's office address shown above or such other address as Holder may specify in writing from time to time. In the event that Maker changes his address at any time prior to the date the Obligations are paid in full, Maker agrees to promptly give written notice of said change of address by pre-paid courier or delivery service (*e.g.*, Federal Express or DHL).

**SECURITY.** Maker hereby grants Holder a lien on all property of whatever type and wherever located owned that is directly or indirectly by Maker, in order to secure Maker's obligations to Holder. Maker hereby authorizes Holder to take all necessary actions to record, perfect and enforce the lien granted hereunder by Maker to Holder.

**BANKRUPTCY.** Maker agrees that his obligations under this Note shall not be dischargeable in bankruptcy, and hereby waives any and all rights to claim that the Obligations under this Note are dischargeable in bankruptcy.

**PLACE OF DELIVERY.** Maker hereby certifies that this Note was delivered to Holder in the District of Columbia. Delivery to Maker by facsimile or email shall constitute delivery of this Note.

**MAKER:**

Tomas O. Kollen

**HOLDER:**

Charles H. Camp

**EXHIBIT 2**

## Charles Camp

**From:** Charles Camp [ccamp@charlescamplaw.com]
**Sent:** Monday, January 02, 2006 11:12 AM
**To:** 'Tomas O. Kollen'
**Subject:** Confirmation of Conversation This Morning re Payment

Tomas:

Thank you for calling me this morning. This email confirms our conversation.

You will electronically transfer $12,000 to me today or tomorrow, and another $20,000 (in two installments) later this week, but in no event later than Monday of next week.

You agreed to provide me written confirmation of your initiation today of the electronic transfer of the $12,000 to me today.

You agreed to provide me with a copy today of documents showing that you will be receiving a loan, and that funds have been sent to you from Siemens, that will enable you to pay me the additional $20,000 later this week. Please make sure that the documents you send me disclose the full amount being loaned to you, and the full amount being sent to you by Siemens. Needless to add, should the documents you are sending me indicate that you will be receiving funds adequate to pay me the full $35,000 that was due on December 31, 2005, you will need to do that in order to prevent me from withdrawing this week.

You acknowledged that that discounted payment option is no longer available to you, and that you will be paying me the $100,000 plus interest due under the note you signed.

You acknowledged you have defaulted on the note and are required to pay the penalties provided for in the note because of your default.

Please let me know right away if I have misunderstood anything in our discussion this morning.

I will confirm receipt of the documents and each of the payments you have indicated you will be sending me.

Sincerely,

Charles

Charles H. Camp, Esquire
LAW OFFICES OF CHARLES H. CAMP
1725 Eye Street, NW, Suite 300
Washington, DC 20006
Tel 202.349.3905
Fax 202.349.3906
Cell 301.461.0283
www.charlescamplaw.com

4/17/2006

**EXHIBIT 3**

## Charles Camp

| | |
|---|---|
| **From:** | Charles Camp [ccamp@charlescamplaw.com] |
| **Sent:** | Tuesday, January 03, 2006 11:26 AM |
| **To:** | 'Tomas O. Kollen' |
| **Subject:** | Payments Received on behalf of WIN-I/Confirmation of Receipt of $12,000 |
| **Attachments:** | 2056_001.pdf |

Tomas:

This morning, I received into my account the $12,000 you sent to me yesterday.  Thank you.

Could you please send to me a copy of your bill(s) to Siemens indicating the total amount you are expecting to receive this week or next from Siemens?

The sooner you can provide me with the $11,000 being sent by your brother (can't he send it earlier than Friday?), and the Siemens funds, that would be **much** appreciated.  Your delays in paying have cost me both credibility and thousands in interest and penalties.  Please help me minimize any further costs resulting from you late payments.

As you requested, attached is information indicating the amounts you paid to me during 2005 (and 2004).

Sincerely,

Charles

Charles H. Camp, Esquire
LAW OFFICES OF CHARLES H. CAMP
1725 Eye Street, NW, Suite 300
Washington, DC 20006
Tel  202.349.3905
Fax  202.349.3906
Cell  301.461.0283
www.charlescamplaw.com

---

**From:** Law Offices of C.H. Camp [mailto:ccamp@charlescamplaw.com]
**Sent:** Tuesday, January 03, 2006 11:18 AM
**To:** Charles Camp
**Subject:** PDF Document From Charles Camp Law

4/17/2006

**EXHIBIT 4**

## Charles Camp

**From:** Charles Camp [ccamp@charlescamplaw.com]
**Sent:** Monday, January 09, 2006 4:03 PM
**To:** 'Tomas O. Kollen'
**Cc:** 'Tomas O. Kollen'
**Subject:** Acceleration of Confession of Judgment Promissory Note

Dear Tomas:

I have tried to reach you several times today, both by telephone and in person, and was unable to do so. It appears to me that you are avoiding me. If I am wrong, please contact me immediately.

As you know, you repeatedly have told me you would transfer the remaining $23,000 portion of the $35,000 payment that was due on December 31, 2005, by today. I am very disappointed that you have not yet done so.

Your actions force me to immediately accelerate the Confession of Judgment Promissory Note, which you previously have acknowledged defaulting upon by failing to make the required $35,000 minimum payment due on or before December 31, 2005.

Consequently, as of today, you owe me $88,000 in principal, plus a 5% late fee on the $35,000 payment not timely paid on or before December 31, 2005 (*i.e.*, $1,750.00), plus 24% interest commencing as of October 1, 2005.

Please contact me as soon as possible.

Sincerely,

Charles Camp

Charles H. Camp, Esquire
LAW OFFICES OF CHARLES H. CAMP
1725 Eye Street, NW, Suite 300
Washington, DC 20006
Tel 202.349.3905
Fax 202.349.3906
Cell 301.461.0283
www.charlescamplaw.com

**EXHIBIT 5**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Charles H. Camp,                          )
                                          )
            Plaintiff,                    )
                                          )
        v.                                )       Civil Action No._____
                                          )
Tomas O. Kollen,                          )
                                          )
            Defendant.                    )
                                          )

## CONFESSED JUDGMENT

Having duly considered Plaintiff Charles H. Camp's Verified Complaint and the annexed

Confession of Judgment Promissory Note (the "Note") signed by Plaintiff Charles H. Camp, as

Holder, and Defendant Tomas O. Kollen, as Maker, as follows, **IT IS ORDERED,**

**ADJUDGED AND DECREED** that,

Judgment is hereby entered in favor of Plaintiff Camp and against Defendant Kollen in

the amount $101,493.72 ($100,000.00, less $12,000.00, plus a late payment penalty of

$1,750.00, plus $11,743.72 in pre-judgment interest from October 1, 2005, through April 17,

2006, calculated at the rate of twenty-four percent (24%)), plus all other pre-judgment interest at

twenty-four percent (24%) that may accrue from and after April 17, 2006, until this Confessed

Judgment is entered, plus all expenses incurred by Plaintiff Camp to collect all amounts owed by

Defendant Kollen under the Note and Judgment to Plaintiff Camp, plus post-judgment interest on

the whole at the applicable statutory rate, until this Judgment is paid in full.

**SO ORDERED** THIS ___ day of April 2006.


_____
**UNITED STATES DISTRICT JUDGE**


**AGREED AND CONFESSED:**

**PLAINTIFF:**

_____
**Charles H. Camp**


**DEFENDANT:**

_____
**Tomas O. Kollen by Charles H. Camp**
**Pursuant to Power Of Attorney**
**Granted In Confession of**
**Judgment Promissory Note**

**Date:  April 18, 2006**