UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES H. CAMP,<br>　　Plaintiff,<br><br>v.<br><br><br>TOMAS O. KOLLEN,<br>　　Defendant. | )<br>)<br>)<br>)　　Case No.: 1:06CV00692 (RJL)<br>)<br>)<br>)<br>)<br>) |

EXHIBIT "B"

**Defendant's Motion to Dismiss**

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CHARLES H. CAMP,
    Plaintiff,

v.      Civil Action No.: 06-0000111

TOMAS O. KOLLEN,
    Defendant.



## ANSWER, COUNTERCLAIM AND JURY DEMAND

Comes now the Defendant, TOMAS O. KOLLEN, through counsel, and submits the following Answer and Counterclaim to Plaintiff's Complaint (styled as "Points and Authorities" in support of "Motion for Judgment"):

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Confession of Judgment Promissory Note ("Note") upon which Plaintiff sues is void as against public policy and/or for illegality. Plaintiff is a member of the Bar of the District of Columbia and Defendant was his client. The Note violates Rule 1.8(a) of the Rules of Professional Conduct. *See In re Douglass*, 859 A.2d 1069, 1982 (D.C. 2004); *In re McLain*, 671 A.2d 951 (D.C. 1996); *In re James*, 452 A.2d 163 (D.C.1982).

### THIRD DEFENSE

Defendant responds to the numbered paragraphs of the Complaint as follows:

1. Jurisdiction is admitted.

2. Admitted.

3. Admitted.

4.  Defendant admits that he signed the Note prepared and submitted to him by his attorney, the Plaintiff herein, because Plaintiff had threatened to withdraw from representation on the eve of argument on a motion for summary judgment, if Defendant refused to sign the Note.

5.  Denied. Defendant admits the contents of the Note, but denies that it creates or secures any obligation to, or requirement that he pay money to Plaintiff.

6.  Denied. Defendant admits the contents of the Note, but denies that it creates or secures any obligation to, or requirement that he pay money to Plaintiff.

7.  Denied. Defendant admits the contents of the Note, but denies that it creates or secures any obligation to, or requirement that he pay money to Plaintiff.

8.  Denied. Defendant admits the contents of the Note, but denies that it creates or secures any obligation to, or requirement that he pay money to Plaintiff.

9.  Defendant admits the contents of the Note, but denies that it creates or secures any obligation to, or requirement that he pay money to Plaintiff.

10. Admitted.

11. Admitted that Defendant Camp purported to accelerate the Note, but the remainder of Paragraph 11 is denied. Defendant admits the contents of the Note, but denies that it creates or secures any obligation to, or requirement that he pay money to Plaintiff.

12. Defendant admits the contents of the Note, but denies that it creates or secures any obligation to, or requirement that he pay money to Plaintiff.

13. Defendant admits the contents of the Note, but denies that it creates or secures any obligation to, or requirement that he pay money to Plaintiff.

14. Defendant admits the contents of the Note, but denies that it creates or secures any obligation to, or requirement that he pay money to Plaintiff.

Further answering the Complaint, Defendant denies any allegations contained therein which he has not specifically admitted or otherwise answered.

### FOURTH DEFENSE

The Note is void and unenforceable because Plaintiff obtained Defendant's signature thereto by fraud, misrepresentation, duress and/or undue influence, and in breach of Plaintiff's duties as attorney for Defendant.

### FIFTH DEFENSE

Enforcement of the Note would result in unjust enrichment of the Plaintiff.

### SIXTH DEFENSE

The Note is void and unenforceable because it is unconscionable.

### SEVENTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### EIGHTH DEFENSE

If Defendant is indebted to Plaintiff for the services underlying the Note, he is indebted to him jointly with Breck L. Craig and West Indies Network-I, LLC. They are subject to the jurisdiction of this Court, can be made parties without depriving this Court of jurisdiction of the present party, and have not been made parties.

Wherefore, having fully answered the Complaint, Defendant requests that it be dismissed with prejudice, and that Defendant be awarded his costs of defense.

### **COUNTERCLAIM**

1. This Court has jurisdiction of this counterclaim under SCR-Civil Rule 13.

2. Plaintiff Charles H. Camp ("Camp") represented to Defendant Tomas O. Kollen ("Kollen") and to Breck L. Craig that he had extensive experience trying significant commercial cases to juries.

3. Based on this representation, Kollen and Craig, acting on behalf of an entity known as West Indies Network-I, LLC, (collectively "WIN-I"), retained Camp to prosecute a claim by WIN-1 against Nortel Networks, Inc. and others ("the Nortel suit").

4. Kollen and Craig recently learned that at the January 4, 2006 hearing on defendants' motion for summary judgment, in the Nortel suit, Camp avoided answering the following question asked by the Court: "And how many jury trials have you done in the last ten years?" Since then, Camp has refused to answer the same question, when asked by Craig and Kollen.

5. Relying on Camp's representations as to his qualifications, Kollen paid Camp in excess of $150,000.00 in legal fees since August, 2004, to prosecute the Nortel suit, pursuant to the Retainer Agreement, which called for Kollen to pay Camp $10,000.00 per month. In addition, Kollen has paid more than $50,000.00 in expenses. In total Kollen has paid Camp $212,910.00 since the beginning of the engagement in August of 2004.

6. Relying on Camp's representations as to his qualifications, Craig and Kollen agreed to pay Camp a contingent fee equal to 25% of the recovery to be obtained from defendants in the Nortel suit.

4

7. Relying on Camp's representations as to his qualifications, Craig and Kollen agreed to entrust to Camp the responsibility for prosecuting plaintiffs' claims in the Nortel suit.

8. The claims of plaintiffs in the Nortel suit are valued at more than $500,000,000.00, the amount demanded in the *ad damnum* clause of the complaint signed by Camp.

9. Camp has failed to prosecute the claims in the Nortel litigation with the degree of competence called for by the retainer, or required, or to be expected based on his claimed qualifications.

## COUNT I:    MISREPRESENTATION

10. Defendant repeats and incorporates herein by reference the allegations contained in paragraphs 1-9 above.

11. Plaintiff induced Defendant to retain him and to pay his fees by misrepresenting his experience and qualifications. Defendant would not have retained or agreed to pay Plaintiff if Mr. Camp had accurately reported his experience and qualifications.

## COUNT II:    BREACH OF CONTRACT

12. Defendant repeats and incorporates herein by reference the allegations contained in paragraphs 11 above.

13. Under the retainer agreement, Plaintiff was required to provide legal services at a level of quality consistent with his representations to Defendant as to the quality of his work and his claimed experience, but he has failed to do so.

14. The legal services provided by Plaintiff were of a level of quality lower than that which was promised to Defendant.

## COUNT III:     UNJUST ENRICHMENT

15. Defendant repeats and incorporates herein by reference the allegations contained in paragraphs 1-14 above.

16. The reasonable value of the services actually provided by Plaintiff, Charles Camp, was substantially lower than the amount charged by him and paid by Defendant. The fees charged by Plaintiff Camp and paid by Defendant were unreasonable, under Rule 1.5 of the D.C. Bar's Rules of Professional Conduct. Plaintiff has thus been unjustly enriched.

**REQUEST FOR RELIEF**

WHEREFORE, Defendant requests that the Court enter judgment in his favor and against the Plaintiff, Charles H. Camp, Esquire, and order the following by way of relief:

A. Find and declare that the "Confessed Judgment Note" herein is null, void and unenforceable; and

B. Order Plaintiff to reimburse Defendant for fees that were unreasonable and should not have been paid, with interest from the dates when such excessive fees were paid; and

C. Order Plaintiff to compensate Defendant for the additional fees and expenses that he will now have to incur, for the prosecution of the Nortel suit; and

D. Such other and further relief as this Court may deem appropriate, after trial on the merits.

## JURY DEMAND

Defendant demands a trial by jury.

Respectfully submitted,

CLIFFORD & GARDE

John M. Clifford, Bar No. 191866
1707 L St., N.W. Suite 500
Washington, D.C. 20036
Phone  202-289-8990 x 104
Fax     202-289-8992
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer, Counterclaim and Jury Demand was mailed postage prepaid to Plaintiff
    Charles H. Camp, Esquire
    Law Offices of Charles H. Camp
    1725 Eye St., N.W., Suite 300
    Washington, D.C. 20006

this 31st day of January, 2006.

John M. Clifford