UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES H. CAMP,<br>    Plaintiff,<br><br>v.<br><br>TOMAS O. KOLLEN,<br>    Defendant. | Case No.: 1:06CV00692 (RJL) |

EXHIBIT "C"

Defendant's Motion to Dismiss

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| CHARLES H. CAMP,<br>    Plaintiff | )<br>)<br>) |
| v. | )   Case No. 06CA111<br>)   Calendar 7 |
| TOMAS O. KOLLEN,<br>    Defendant | )   Judge Kravitz<br>)<br>) |

### ORDER GRANTING IN PART AND DENYING IN PART "CHARLES CAMP'S MOTION TO DISMISS THE COUNTERCLAIM, OR IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION"

This action to enforce a confessed judgment note is before the Court on the plaintiff's motion to dismiss the defendant's counterclaim for a lack of standing or, in the alternative, to compel arbitration on the claims of misrepresentation, breach of contract, and unjust enrichment alleged in the defendant's counterclaim. On the issue of standing, the plaintiff contends that the defendant had no attorney-client relationship with him and that the defendant therefore suffered no injury as the result of the plaintiff's legal representation of West Indies Network-I, LLC. As to the issue of arbitration, the plaintiff contends that the retainer agreement contains an arbitration clause which requires that all disputes arising from the agreement be resolved through binding arbitration.

The defendant argues in opposition to the plaintiff's motion that the language of the retainer agreement and the actions of the plaintiff during the underlying litigation establish that he did have an attorney-client relationship with the plaintiff. He argues further that the arbitration clause in the retainer agreement is unenforceable because, under Rule 1.8(a) of the District of Columbia Rules of Professional Conduct, mandatory arbitration agreements covering all disputes between a lawyer and a client are prohibited



unless the client has received advice from an independent attorney about the proposed arbitration agreement.

## Discussion

### Standing

The Court finds that the defendant does have standing to bring his counterclaim against the plaintiff. The retainer agreement, of which the defendant is a signatory, makes clear that the plaintiff agreed to represent not only the corporate interests of West Indies Network-I, LLC, but also Breck A. Craig and the defendant in their personal capacities. In addition, the plaintiff's conduct at the deposition of the defendant in the underlying litigation in federal court in Florida -- at which the plaintiff cited attorney-client privilege as a basis for instructing the defendant not to answer certain questions -- is certainly consistent with the plaintiff's role as the defendant's counsel in the underlying litigation. As the defendant therefore has properly alleged that he suffered injury as a result of the plaintiff's legal representation, the plaintiff's motion to dismiss the counterclaim for a lack of standing must be denied.

### Arbitration

A trial court considering a motion to compel arbitration must determine, according to traditional principles of contract law, whether the parties have an enforceable agreement to arbitrate and, if so, whether the dispute between the parties falls within the scope of the agreement. *Meshel v. Ohev Sholom Talmud Torah*, 869 A.2d 343, 361 (D.C. 2005).

The first question, then, is whether the parties have an enforceable agreement to arbitrate. As he must, the defendant appears to concede that paragraph 5 of the retainer

2

agreement is an agreement to arbitrate. The defendant alleges, however, that the arbitration provision in the retainer agreement is not enforceable because the plaintiff asked him to sign the retainer agreement without first making sure that he had been advised by an independent lawyer about the arbitration clause. The Court is not persuaded by this argument. While it may be true that the plaintiff violated Rule 1.8(a) of the District of Columbia Rules of Professional Conduct -- an issue the Court need not reach -- the defendant has not cited to a single judicial decision which suggests that a violation of Rule 1.8(a) has any legal impact upon the enforceability of a contractual provision that otherwise appears in all respects to have been reached by competent business people through arms' length negotiations. As the Court is aware of no such legal precedent, and as there is no evidence in the record that the defendant was coerced or pressured into signing the retainer agreement or that the agreement is unconscionable or otherwise subject to attack, the Court concludes that the parties have an enforceable agreement to arbitrate.

The second question is whether the counterclaim arises from disputes between the parties that fall within the scope of the arbitration agreement. The answer is clearly yes. Paragraph 5 of the retainer agreement broadly provides, in pertinent part, that "[a]ny disputes concerning our Agreement shall be resolved through binding arbitration in the District of Columbia," and there can be no doubt that the defendant's claims of misrepresentation, breach of contract, and unjust enrichment all concern the legal work provided by the plaintiff pursuant to the retainer agreement.

The plaintiff's motion to compel arbitration therefore must be granted.[1]

---

[1] The defendant has not asked the Court to compel the plaintiff to submit his claim for unpaid legal fees to binding arbitration pursuant to paragraph 5 of the retainer agreement, and he appears to be of the view that

3

## Conclusion

Accordingly, it is this **28** day of March 2006

**ORDERED** that the plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. Specifically, the plaintiff's motion to dismiss for a lack of standing is denied, and the plaintiff's motion to compel the defendant to submit his counterclaim to binding arbitration is granted. It is further

**ORDERED** that the case shall remain set for an initial scheduling conference on April 14, 2006, although the litigation of the defendant's counterclaim shall be stayed pending the outcome of binding arbitration.

_____
Neal E. Kravitz, Associate Judge
(Signed in Chambers)

DOCKETED In Chambers   MAR 2 8 2006
MAILED From Chambers   MAR 2 8 2006

Copies mailed to:

Paul J. Maloney, Esq.
1615 L Street, NW
Suite 500
Washington, DC 20003

John M. Clifford, Esq.
1707 L Street, NW
Suite 500
Washington, DC 20036

---

the arbitration clause does not apply to the plaintiff's claim in light of the confessed judgment note. The Court states no opinion on this issue.