UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
CHARLES H. CAMP,                )
    Plaintiff,                      )
                                    )
    v.                              )    Case No.: 1:06CV00692 (RJL)
                                    )
                                    )
TOMAS O. KOLLEN,                )
    Defendant.                      )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS VERIFIED COMPLAINT AND FOR SANCTIONS, AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT**

    Defendant, TOMAS O. KOLLEN, has moved to dismiss the Verified Complaint on the ground that it duplicates a civil action pending between the same parties, which Mr. Camp filed in the Superior Court of the District of Columbia, in January, 2006. Defendant also opposes plaintiff's Motion for Judgment. In addition, defendant has moved for an award of fees and costs, pursuant to 28 U.S.C. § 1927, for plaintiff Camp's vexatious multiplication of litigation.

    Defendant seeks the Court's permission to appear specially to make this motion, without conceding personal jurisdiction or waiving service of process, because plaintiff has represented to the Court that "Kollen has no legal right to service of process, or to answer or otherwise assert any defenses… ." (Motion for Judgment). In the proposed order submitted with the Verified Complaint, plaintiff has signed defendant's name, assertedy "pursuant to power of attorney granted in confession of judgment promissory note." (Verified Complaint, Exhibit 5). Apparently, plaintiff hopes to obtain judgment without serving process.

Plaintiff should have informed this Court that his claim for money owed arises out of an attorney-client relationship and that he filed a virtually identical suit on January 10, 2006, in the Superior Court of the District of Columbia. That case, Civil Action 06-0000111, is assigned to Judge Neal E. Kravitz. (Copy of Complaint attached as Exhibit "A" hereto). Defendant was served and filed an Answer and Counterclaim. (Copy of Answer and Counterclaim attached as Exhibit "B" hereto). Plaintiff should have informed this Court of the extensive proceedings in the Superior Court. Surely, this Court should have been advised that plaintiff moved to dismiss the counterclaim on the ground that "defendant has never been a client to plaintiff;" in the alternative, he moved to compel arbitration of the counterclaim pursuant to the retainer agreement. Defendant opposed plaintiff's motion, and on March 28, 2006 Judge Kravitz denied the motion to dismiss the counterclaim but compelled its arbitration. (3/28 Order attached as Exhibit "C" hereto). Defendant submitted written discovery to plaintiff in the Superior Court case, and moved to compel arbitration of that suit. Judge Kravitz held a scheduling conference on April 14, and on April 27, 2006 he granted defendant's motion to compel arbitration, over plaintiff's opposition. (4/27 Order attached as Exhibit "D" hereto). Under the circumstances, it is clear that plaintiff is unnecessarily and vexatiously multiplying litigation, by initiating litigation in this Court that duplicates his case in the Superior Court.

By pursuing the same remedy in two courts, plaintiff places a needless burden on the courts and counsel, and creates a significant risk of conflicting rulings. While this Court may well defer to Judge Kravitz's orders compelling arbitration (whether or not such non-final rulings are binding as the law of the case), plaintiff's filing of duplicate

2

lawsuits requires undersigned counsel to double the time and effort expended to defend the case. Moreover, plaintiff's failure to disclose to this Court the pendency of his Superior Court case, or that Judge Kravitz had compelled arbitration of his claim on the Confessed Judgment Note before plaintiff filed his Motion for Judgment herein, suggests a disturbing lack of candor to this tribunal. It is equally disturbing that plaintiff seeks to enforce a confessed judgment note without disclosing to this Court the fact that the asserted debt arises out of plaintiff's performance of legal services for his client, defendant Kollen. Also, plaintiff knows but does not disclose that defendant has asserted complete defenses to the Note, including that it is against public policy, s*ee In re Douglass*, 859 A.2d 1069, 1982 (D.C. 2004), and that plaintiff obtained defendant's signature to the Note by fraud, misrepresentation, duress and/or undue influence.

This Court may dismiss a duplicate suit, pursuant to its inherent power to administer its own docket. This fosters judicial economy and comprehensive disposition of litigation. *Curtis v. Citibank*, N.A., 226 F.3d 133,136 (2nd Cir. 2000). Although the pendency of an action in state court is not considered an absolute bar to the same matter going forward in a federal court with concurrent jurisdiction, principles of judicial administration, such as conservation of judicial resources and comprehensive disposition of litigation, weigh against duplicate litigation. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).[1] Considering the factors that plaintiff filed his action in the Superior Court four months before filing the same claim in this Court, that the parties and Judge Kravitz already have invested substantial time and

---

[1] In days past, the rule was well-settled that a "suit between the same parties for the same cause of action or claim of right will abate a later suit, because in such a case *the last is deemed unnecessary, and therefore vexatious*. The reason for this rule is that the second suit is unnecessary and consequently oppressive." *Paraskevas v. McKee Auto Service, Inc*., 162 A.2d 488 (D.C. Mun. App. 1960)(Quinn concurring) (emphasis added).

3

effort in the Superior Court case, and that plaintiff's apparent purpose in filing this duplicate suit is to nullify the rulings made by Judge Kravitz, this case should be dismissed.

In addition, plaintiff's conduct in filing and prosecuting this litigation should be sanctioned as vexatious, pursuant to 28 U.S.C. § 1927. *Healey v. Labgold*, 231 F.Supp.2d 64, 68 (D.D.C. 2002)(M.J.Facciola)(plaintiff, an attorney, sanctioned for seeking same remedy as had previously been denied by E.D.Va.). While plaintiff has advised the undersigned that he disputes the applicability of §1927, citing *e.g.,Grid Systems Corp. v. John Fluke Manufacturing Co.*, 41 F.3d 1318 (9th Cir.1994), his authorities are inapposite. Defendant does not suggest that sanctions are appropriate for multiplying the litigation in the Superior Court, but for multiplying litigation in the United States District Court. In exercising its discretion in this regard, defendant suggests that the Court take note of the mean-spiritedness of plaintiff's filings, *e.g.*, footnote 1 to his Memorandum in Support of Motion for Judgment. *See Healey*, supra at 70, (plaintiff used lawsuit to blacken defendant's name).

Wherefore, defendant requests that plaintiff's Verified Complaint be dismissed and that defendant be awarded his fees and costs in defending this matter.

Respectfully submitted,

CLIFFORD & GARDE

\_\_/s/_____
John M. Clifford, Bar No. 191866
1707 L St., N.W. Suite 500
Washington, D.C.  20036
Phone  202-289-8990 x 104
Fax     202-289-8992
COUNSEL FOR DEFENDANT