UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| **CHARLES CAMP,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 06cv692 (RJL) |
| | ) | |
| **TOMAS O. KOLLEN,** | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM ORDER

Charles Camp ("Camp"), has sued Tomas Kollen ("Kollen") for breach of contract. Currently pending before the Court is plaintiffs motion for judgment and defendant's motion to dismiss and for sanctions. For the following reasons, however, the case will be STAYED until the resolution of pending arbitration ordered by the Superior Court of the District of Columbia (the "Superior Court") in an earlier action asserting identical claims.

Camp alleges that on December 20, 2005, Kollen signed and delivered to Camp a promissory note for $100,000.00. Plain.'s Mot. For Judgment, p. 2. After Kollen failed to make scheduled payments on December 1, 2005 and January 9, 2006, Camp accelerated the note, making it immediately payable in its entirety. *Id* at 3-4.

On January 10, 2006, plaintiff filed suit in the Superior Court alleging breach of contract and seeking payment of the note plus interest and expenses. Defendant's Mot. to Dismiss, Ex. A. Defendant counterclaimed claiming misrepresentation, breach of contract,

1

and unjust enrichment. *Id* at Ex. B. Plaintiff then moved to dismiss the counterclaim, or in the alternative, to compel arbitration. *Id* at Ex. C.

On March 28 and April 27, 2006, the Superior Court granted the parties' cross motions to compel binding arbitration. Def. Ex. C, D. On November 3, 2006, the Superior Court dismissed the action without prejudice and on November 6, 2006, again compelled plaintiff to commence arbitration. Plaint.'s January 29, 2007 Notice to the Court.

On April 18, 2006, plaintiff brought suit in this Court alleging claims identical to those in the Superior Court action. Plaintiff has moved for judgment on the promissory note; defendant has moved to dismiss arguing that the suit duplicates the Superior Court action. Def.'s Mot. to Dismiss.

Although abstention from the exercise of federal jurisdiction is the exception rather than the rule, *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 8 13 (1976), in light of the pending arbitration and in the interest of judicial economy, it is hereby

**ORDERED** that 'the above-captioned matter be STAYED pending resolution of the arbitration proceeding ordered by the Superior Court.

SO **ORDERED.**

3/15/07

RICHARD J. LEON
United States District Judge