**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

CHARLES H. CAMP,                    )
         Plaintiff,                 )
                                    )
         v.                         )        Case No.: 1:06CV00692  (RJL)
                                    )
                                    )
TOMAS O. KOLLEN,                    )
         Defendant.                 )
_____)

### DEFENDANT'S RESPONSE TO PLAINTIFF'S "UPDATED STATUS REPORT"

Comes now Defendant, TOMAS O. KOLLEN, through counsel, and submits the following in response to the "Updated Status Report" that Plaintiff filed on December 27, 2007:

1.    Plaintiff correctly informed the Court that the dispute was heard and decided by an arbitration panel of the D.C. Bar's Attorney / Client Arbitration Board on November 14, 2007. After a hearing in which Plaintiff sought all of the relief he requested here and in the Superior Court, the panel awarded Plaintiff $62,500.00, with interest accruing at 8% per annum after December 14, 2007. The original decision and the clarification set forth in the November 30, 2007 letter from Kathleen E. Lewis, Esquire, are attached hereto.

2.    It is true that the arbitral award was for less than the total amount sought by Plaintiff,[1] but it does not follow that "the award was for less than the full amount owed by Defendant Kollen… ," as Plaintiff asserts. The point of the binding arbitration was to resolve the dispute and to establish the rights and obligations of the parties. The panel's decision did just that.

---

[1] At arbitration, Plaintiff sought to recover $151,916.87, including principal and interest on the confessed judgment note, attorney's fees and costs.

3.      This Court stayed this matter on March 15, 2007 pending resolution of the binding arbitration proceeding, in the interest of judicial economy.   Plaintiff obtained a final, binding decision in the arbitration proceeding, enforceable in the Superior Court, which is *res judicata* on his request for relief in this case.   Therefore, it is **not** "…necessary for the stay pending arbitration to be lifted and for the captioned litigation to proceed," as Plaintiff contends.   This case is over, leaving nothing more to litigate. The case should simply be dismissed, because it has been fully adjudicated in arbitration, and/or because this Court lacks subject matter jurisdiction.  This case should not require further expenditure of time and effort by the Court, counsel and the parties.[2]

Respectfully submitted,

CLIFFORD & GARDE LLP


_____/s/_____
John M. Clifford, Bar No. 191866
1707 L St., N.W. Suite 500
Washington, D.C.  20036
Phone  202-289-8990 x 104
Fax     202-289-8992
COUNSEL FOR DEFENDANT

January 9, 2008

---

[2] In his Motion to Dismiss and for Sanctions, Defendant asked the Court to sanction Plaintiff for his vexatious conduct in filing and prosecuting this matter, which duplicated the case he had filed in Superior Court.   Plaintiff's current effort to pursue additional litigation in this matter, after it has been concluded with a final, binding decision favorable to him, is an additional instance of vexatious conduct, meriting sanctions.  Moreover, inasmuch as Plaintiff filed in this court claiming diversity jurisdiction, and the amount awarded in arbitration is less than $75,000.00, the case should be dismissed for lack of jurisdiction and the Court *could* assess costs against Plaintiff, pursuant to 28 U.S.C §1332(b).