UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES H. CAMP, | ) |
|     Plaintiff, | ) Case No.: 1:06CV00692 (RJL) |
| v. | ) |
| TOMAS O. KOLLEN, | ) |
|     Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RENEWED MOTION TO DISMISS VERIFIED COMPLAINT**

Defendant, TOMAS O. KOLLEN, has renewed his motion to dismiss the Verified Complaint on the ground that it is barred under the doctrine of *res judicata*. Dismissal is proper because both parties to this cause of action have received a final judgment on the merits in a court of competent jurisdiction—they participated in binding arbitration as ordered by the District of Columbia Superior Court.

**BACKGROUND**

Plaintiff, Charles H. Camp is a member of the District of Columbia Bar and performed legal services for Defendant from 2004-2006. As the court is aware, Plaintiff filed virtually identical action against Defendant in the Superior Court of the District of Columbia on January 10, 2006. *See Attached*, Motion for Judgment, dated January 10, 2006. The Superior Court ordered the case to binding arbitration on April 27, 2006. *See Attached*, Superior Court Order, dated April 27, 2006. The parties participated in arbitration proceedings with the District of Columbia Bar Attorney/Client Arbitration Board (ACAB) on November 14, 2007, and the ACAB issued a binding arbitration award later that day in Plaintiff's favor for $62,500 plus

1

interest. *See attached,* Decision and Award, dated November 14, 2007. This binding arbitration award is a final resolution to the matter currently pending before this court.

## LEGAL STANDARD

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action." *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 218 (D.C. Cir. 2004) (quoting, *Allen v. McCurry,* 449 U.S. 90, 94 (1980)). Once a party has had the opportunity to litigate a claim, he "ought not to have another chance to do so." *SBC Communications Inc. v. F.C.C.*, 407 F.3d 1223, 1229 (D.C. Cir. 2005). The Supreme Court has held that there is "simply no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata.*" *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) (internal citations omitted).

When *res judicata* is based on a state-court judgment's preclusive effect on a subsequent federal action, the federal court must apply the preclusion law of the state that rendered the judgment. *Evans v. Chase Manhattan Mortgage Corp.,* 2006 WL 785399 (D.D.C. 2006) (citing, *Marrese v. Am. Acad. Of Orthopedic Surgeons*, 470 U.S. 373 (1985)). However, there is no material difference between the District of Columbia's law of *res judicata* and the federal common law. *Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72 (D.C. Cir. 1997).

A claim should be barred by *res judicata* if four elements are present: (1) identity of parties; (2) a judgment from a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action. *Evans, supra* at *4.

**ARGUMENT**

Defendant's Renewed Motion to Dismiss should be granted because all four elements of *res judicata* are present in this case, thus Plaintiff's claims are barred. There is no doubt that the identity of the parties to the Superior Court action and the District Court action are the same, as Plaintiff is the only named plaintiff and Defendant is the only named defendant in both. *See attached,* Motion for Judgment; Verified Complaint on Confession of Judgment Promissory Note ("Verified Complaint"), dated April 18, 2006. As Plaintiff correctly asserts in the Superior Court action, the Superior Court is a court of competent jurisdiction under D.C. Code § 11-921. Motion for Judgment at ¶ 1. Further, the only claim set forth in both actions is for breach of contract based on the Confession of Judgment Promissory Note, thus the causes of action are also identical. *See,* Motion for Judgment; Verified Complaint. Finally, the binding arbitration the parties participated in through the ACAB is a final judgment on the merits of this action and must bar Plaintiff's claims in this court.

<u>The ACAB Arbitration Is Binding on the Parties and Enforceable in Superior Court.</u>

The ACAB Arbitration is final and binding on the parties and enforceable in Superior Court. Rule 13 of the Rules Governing the District of Columbia Bar, as adopted by the D.C. Court of Appeals states:

> (a) An attorney subject to the disciplinary jurisdiction of this Court shall be deemed to have agreed to arbitrate disputes over fees for legal services and disbursements related thereto when such arbitration is requested by a present or former client, if such client was a resident of the District of Columbia when the services of the attorney were engaged, or if a substantial portion of the services were performed by the attorney in the District of Columbia, or if the services included representation before a District of Columbia court or a District of Columbia government agency.
>
> (b) The arbitration provided under this rule shall be final and binding on the parties according to applicable law, and shall be enforceable in the Superior Court and in any other court having jurisdiction. Unless the attorney and client agree otherwise, the arbitration shall be before the Attorney-Client Arbitration Board of the District of

3

>Columbia Bar, and shall be pursuant to such reasonable rules and regulations (including those relating to fees for arbitration services) as may be promulgated from time to time by the District of Columbia Bar and the Attorney-Client Arbitration Board.

D.C. R. Bar Rule 13.  Plaintiff is a member of the District of Columbia Bar, thus he is deemed to have agreed to arbitrate legal fee disputes if his client requests arbitration, or if a substantial portion of the services he provided he performed in D.C.  Defendant formally requested arbitration regarding the legal fee dispute between Plaintiff and Defendant on April 7, 2006, when he filed the Motion to Compel Arbitration.  *See attached,* Motion to Compel Arbitration, dated April 7, 2006.  Additionally, Plaintiff's law office is in D.C. and he performed a substantial portion of Defendant's legal services there.  Plaintiff was required to arbitrate his fee disputes with Defendant.

Arbitration under Rule 13 is final and binding on the parties and "shall be enforceable in the Superior Court and in any other court having jurisdiction." D.C. R. Bar Rule 13(b).  Plaintiff and Defendant participated in arbitration proceedings with the ACAB on November 14, 2007, and the ACAB issued a binding arbitration award later that day in Plaintiff's favor for $62,500 plus interest.  This decision is final and binding on the parties and is enforceable not only in the Superior Court, but in any other court with jurisdiction—which includes this Court.

While the ACAB arbitration is binding because of Rule 13, it is also binding because Plaintiff was compelled to arbitration by a court order, and he signed documents agreeing that the arbitration is binding.  The Superior Court ordered the case to arbitration on April 27, 2006.  The order specifically states that Plaintiff's "claim for enforcement of the confessed judgment note shall be submitted to binding arbitration along with the [D]efendant's counterclaims." Superior Court Order.  Plaintiff also signed the Agreement to Arbitrate, which states that he understood "that an award of the arbitration panel is binding on both parties."  *See attached,*

Agreement to Arbitrate, signed November 11, 2006. The ACAB Arbitration is final and binding on the parties and enforceable in Superior Court.

<u>The ACAB Arbitration Is a Final Judgment on the Merits.</u>

The ACAB Arbitration is final and binding on the parties and enforceable in the Superior Court, thus it is a final judgment on the merits for the purposes to *res judicata*. "The decisions of binding arbitration proceedings are final decisions on the merits for purposes of res judicata." *Century Intnat'l Arms, Ltd. v. Fed. State Unitary Enterprise State Corp. 'Rosvoorouzhenie',* 172 F.Supp.2d 79, 95 (D.D.C. 2001) (citing, *Shattner v. Girard, Inc.*, 668 F.2d 1366 (D.C. Cir. 1981)). As discussed above, the ACAB Arbitration was a final and binding proceeding, thus it is a final decision on the merits for the purposes *res judicata*. All four required elements for *res judicata* are present, thus Plaintiff's claim in this court is barred and the dismissal is proper.

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court grant this motion and dismiss the Plaintiff's claims.

Respectfully submitted,

CLIFFORD & GARDE

\_\_\_/s/_____
John M. Clifford, Bar No. 191866
1707 L St., N.W. Suite 500
Washington, D.C.  20036
Phone  202-289-8990 x 104
Fax    202-289-8992

COUNSEL FOR DEFENDANT