CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001   Telephone: 879-1133

| Charles H. Camp |
| --- |

*Plaintiff*

06-0000111

**VS.**

Civil Action No.

| Tomas O. Kollen |
| --- |

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Charles H. Camp |
| --- |

Name of Plaintiff's Attorney

| Law Offices of Charles H. Camp |
| --- |

Address

| 1725 Eye Street, N.W., Ste. 300 |
| --- |

| Washington, D.C. 20006 |
| --- |

Telephone **202-349-3905**

By _____
Deputy Clerk

Date | **January 10, 2006** |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98        **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Charles H. Camp,

      Plaintiff,

    v.

Tomas O. Kollen,

      Defendant.

)
)
)
)
)
)
)
)
)
)

**06-0000111**

Civil Action No._____

*RECEIVED*
*Civil Clerk's Office*
JAN 10 2006
*Superior Court of the*
*District of Columbia*
*Washington, D.C.*

### MOTION FOR JUDGMENT

Plaintiff Charles H. Camp ("Plaintiff"), for the reasons set forth in the accompanying Point and Authorities and on the basis of the annexed Confession of Judgment Promissory Note (the "Note") signed by Defendant Tomas O. Kollen ("Defendant") as Maker and Plaintiff as Holder, hereby moves the Court for entry of Judgment against Defendant in the amount $96,335.00, plus all other pre-judgment interest at twenty-four percent (24%) that may accrue from January 10, 2006, until judgment is entered in this case, plus all expenses incurred by Plaintiff to collect all amounts owed by Defendant to Plaintiff under the Note, plus post-judgment interest on the whole at the rate of twenty-four percent (24%).

          Respectfully submitted,

          Charles H. Camp (DC# 413575)
          Law Offices of Charles H. Camp
          1725 Eye Street, N.W., Suite 300
          Washington, D.C. 20006
          Telephone: 202-349-3905
          Facsimile: 202-349-3906

Date: January 10, 2006

## CONFESSION OF JUDGMENT PROMISSORY NOTE

$100,000.00                                              Effective as of October 1, 2005

Tomas O. Kollen
1900 L Street, N.W., Suite 725
Washington, D.C. 20036

("Maker"),

　　　　AND

Charles H. Camp
Law Offices of Charles H. Camp
1725 Eye Street, N.W., Suite 300
Washington, D.C. 20006

("Holder").

### IMPORTANT NOTICE

**THIS NOTE CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS MAKER AND ALLOWS HOLDER TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE.**

Tomas O. Kollen (hereinafter "Maker") promises to pay to the order of Holder, in lawful money of the United States of America, at Holder's address indicated above or wherever else Holder may specify, the principal sum of ONE HUNDRED THOUSAND and No/100 Dollars ($100,000.00) plus interest on the unpaid principal balance at the rate and on the terms provided in this Promissory Note (including all renewals, extensions or modifications hereof, this "Note").

**PURPOSE AND CONSIDERATION.** This Note is being signed by Maker as an inducement to Holder to not withdraw from representing West Indies Network I, LLC in its currently pending litigation in the United States District Court for the Southern District of Florida, despite Maker's prior breaches of its retainer agreement with Holder, including the Maker's agreement to pay Holder $90,000.00 "upon completion of mediation to cover fees and expenses through trial."

**DISCOUNT SATISFACTION OF THIS NOTE.** Maker may satisfy his obligations under this Note by paying Holder a total of $79,700.00[1] by not later than December 31, 2005.

---

[1] Calculated as follows: $90,000.00 that had been due and payable on October 1, 2005, less $2,500.00 paid September 30, 2005, $6,000.00 paid October 7, 2005, and $1,800.00 paid December 9, 2005.

**REPAYMENT TERMS.** The first payment due under this Note shall be due and payable **on or before** December 31, 2005, in the amount of $35,000.00. Thereafter, this Note shall be payable in monthly installments of $10,000.00 per month, due **on or before** the first (1st) day of each month commencing February 1, 2006, until all amounts due hereunder are paid in full.

**TIME IS OF THE ESSENCE WITH REGARD TO ALL PAYMENTS DUE UNDER THIS NOTE.**

**INTEREST RATE.** Interest on this Note shall accrue on the unpaid principal balance of this Note from the date hereof at the rate of TWELVE PERCENT (12.00%) ("Interest Rate").

**DEFAULT RATE.** In addition to all other rights contained in this Note, if a Default (as defined herein) occurs, all outstanding amounts owed under this Note shall bear interest at the rate of twenty-four percent (24%) or the maximum rate allowable by District of Columbia law, which ever is higher ("Default Rate"). In the event the Default Rate is instituted pursuant to the terms of this Note, such rate shall be retroactively effective as of October 1, 2005, and shall be applied to the then outstanding balance. The Default Rate shall also apply from demand until all amounts owed under this Note are paid in full.

**PREPAYMENT ALLOWED.** This Note may be prepaid in whole or in part at any time. Any prepayment shall include accrued interest and all other sums then due under this Note. No partial prepayment shall affect the obligation of Maker to make any payment of principal or interest due under this Note on the date specified below in the Repayment Terms paragraph of this Note until this Note has been paid in full.

**APPLICATION OF PAYMENTS.** Monies received by Holder on this Note shall be applied to accrued interest and penalties, and then to principal. If a Default occurs, monies may be applied to the Obligations in any manner or order desired by Holder, in Holder's sole and absolute discretion.

**DEFINITIONS. Obligations.** The term "Obligations" used in this Note refers to any and all indebtedness and other obligations under this Note. **Certain Other Terms.** All terms that are used but not otherwise defined shall have the definitions provided in the Uniform Commercial Code.

**LATE CHARGE.** If any payments are not timely made (there being no grace period under this Note), Maker shall also pay to Holder a late charge equal to 5% of each payment past due.

Acceptance by Holder of any late payment without an accompanying late charge shall not be deemed a waiver of Holder's right to collect such late charge or to collect a late charge for any subsequent late payment received.

**ATTORNEYS' FEES AND OTHER COLLECTION COSTS.** Maker shall pay all of Holder's reasonable expenses incurred to enforce or collect any of the Obligations including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses,

whether incurred without the commencement of a suit, in any trial, arbitration, or administrative proceeding, or in any appellate or Bankruptcy proceeding.

**DEFAULT.** If any of the following occurs, a default ("Default") under this Note shall exist: **Nonpayment; Nonperformance.** The failure of timely payment or performance of the Obligations or Default under this Note. **Cessation; Bankruptcy.** The death of, appointment of a receiver for, assignment for the benefit of creditors of, or commencement of any Bankruptcy or insolvency proceeding by or against Maker, or any party to this Note.

**REMEDIES UPON DEFAULT.** If a Default occurs under this Note, Holder may at any time thereafter, take the following actions: **Holder Lien.** Foreclose its security interest or lien on Maker's property without notice. **Acceleration Upon Default.** Accelerate the maturity of this Note and, at Holder's option, any or all other Obligations, whereupon this Note and the accelerated Obligations shall be immediately due and payable. **Cumulative.** Exercise any rights and remedies as provided under the Note, or as provided by law or equity.

**CONFESSION OF JUDGMENT.** Maker hereby constitutes and appoints Holder or any attorney designated by Holder (any of the foregoing may act), as the true and lawful attorneys-in-fact for him, in his name, place and stead, and upon the occurrence of a Default in the payment of the Obligations due under this Note, at maturity, or upon acceleration, to confess judgment against Maker, in favor of Holder, before any court as Holder may determine in his sole and absolute discretion, for all amounts owed with respect to the Obligations under and pursuant to this Note including, without limitation, all costs of collection and attorneys' fees, and court costs, hereby ratifying and confirming the acts of said attorney-in-fact as if done by Maker himself.

**WAIVERS AND AMENDMENTS.** No waivers, amendments or modifications of this Note shall be valid unless in writing and signed by Holder. No waiver by Holder of any Default shall operate as a waiver of any other Default or the same Default on a future occasion. Neither the failure nor any delay on the part of Holder in exercising any right, power, or remedy under this Note shall operate as a waiver thereof, nor shall a single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or remedy.

Maker hereby waives presentment, protest, notice of dishonor, demand for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, notice of sale and all other notices of any kind. Further, Maker agrees that Holder may extend, modify or renew this Note or make a novation of the loan evidenced by this Note for any period, and grant any releases, compromises or indulgences with respect to any collateral securing this Note, all without notice to or consent of Maker without affecting the liability of Maker under this Note.

**MISCELLANEOUS PROVISIONS. Assignment.** This Note shall inure to the benefit of and be binding upon the parties and their respective heirs, legal representatives, successors and assigns. Holder's interests in and rights under this Note are freely assignable, in whole or in part, by Holder. Maker may not assign his rights and interest hereunder without the prior written consent of Holder. Any attempt by Maker to assign without Holder's prior written consent is null and void. Any assignment shall not release any Maker from the Obligations. **Applicable Law; Conflict Between Documents.** This Note shall be governed by and construed under the laws of

.the laws of the District of Columbia without regard to that state's conflict of laws principles. **Jurisdiction.** Maker irrevocably agrees to non-exclusive personal jurisdiction in the District of Columbia and Virginia for all purposes, including discovery in aid of enforcement of this Note and the Judgment. **Severability.** If any provision of this Note shall be prohibited or invalid under applicable law, such provision shall be ineffective but only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note or other such document. **Notices.** Any notices to Maker shall be sufficiently given, if in writing and mailed or delivered to the Maker's address shown above or such other address as provided hereunder, and to Holder, if in writing and mailed or delivered to Holder's office address shown above or such other address as Holder may specify in writing from time to time. In the event that Maker changes his address at any time prior to the date the Obligations are paid in full, Maker agrees to promptly give written notice of said change of address by pre-paid courier or delivery service (*e.g.*, Federal Express or DHL).

**SECURITY.** Maker hereby grants Holder a lien on all property of whatever type and wherever located owned that is directly or indirectly by Maker, in order to secure Maker's obligations to Holder. Maker hereby authorizes Holder to take all necessary actions to record, perfect and enforce the lien granted hereunder by Maker to Holder.

**BANKRUPTCY.** Maker agrees that his obligations under this Note shall not be dischargeable in bankruptcy, and hereby waives any and all rights to claim that the Obligations under this Note are dischargeable in bankruptcy.

**PLACE OF DELIVERY.** Maker hereby certifies that this Note was delivered to Holder in the District of Columbia. Delivery to Maker by facsimile or email shall constitute delivery of this Note.

**MAKER:**

Tomas O. Kollen

**HOLDER:**

Charles H. Camp

Page 4

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

|  |  |
|---|---|
| Charles H. Camp, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-000011 |
| ) | |
| v. ) | |
| ) | |
| Tomas O. Kollen, ) | |
| ) | |
| Defendant. ) | |

## POINTS AND AUTHORITIES

Pursuant to D.C. SCR-Civil Rule 68-I, Plaintiff Charles H. Camp ("Plaintiff"), on the basis of the annexed Confession of Judgment Promissory Note (the "Note") (Exhibit 1 hereto) signed by Defendant Tomas O. Kollen ("Defendant") as Maker and Plaintiff as Holder, has moved the Court for entry of Judgment against Defendant in the amount $96,335.00, plus all other pre-judgment interest at twenty-four percent (24%) that may accrue from January 10, 2006, until judgment is entered in this case, plus all expenses incurred by Plaintiff to collect all amounts owed by Defendant to Plaintiff under the Note, plus post-judgment interest on the whole at the rate of twenty-four percent (24%).

### I.

### JURISDICTION

1.    Jurisdiction of this Court is founded on D.C. Code Section 11-921.

## II.

## PARTIES

2.      Plaintiff, Charles H. Camp, maintains his office at 1725 Eye Street, N.W., Suite 300, Washington, D.C. 20006.

3.      Defendant, Tomas O. Kollen, maintains his office at 1900 L Street, N.W., Suite 725, Washington, D.C. 20036.

## III.

## BREACH OF CONTRACT

## (CONFESSION OF JUDGMENT PROMISSORY NOTE)

4.      On or about December 20, 2005, within the District of Columbia, Defendant Kollen signed and delivered to Plaintiff Camp the attached Confession of Judgment Promissory Note (the "Note") (Exhibit 1 hereto) having an effective date of October 1, 2005.

5.      The Note is secured by "a lien on all property of whatever type and wherever located owned . . . directly or indirectly by Maker, in order to secure Maker's obligations to Holder." The Note further authorized Plaintiff Camp "to take all necessary actions to record, perfect and enforce the lien granted" in the Note by Defendant Kollen to Plaintiff Camp.

6.      Under the Note, on December 31, 2005, Defendant Kollen was required to pay Plaintiff Camp $35,000.00.

7.      Defendant Kollen failed to make the $35,000.00 payment required on December 31, 2005.

8.      On January 2, 2006, Defendant Kollen acknowledged and agreed he had defaulted on the Note.

9.      The Note states that "If any payments are not timely made (there being no grace period under this Note), Maker shall also pay to Holder a late charge equal to 5% of each payment past due. Acceptance by Holder of any late payment without an accompanying late charge shall not be deemed a waiver of Holder's right to collect such late charge or to collect a late charge for any subsequent late payment received."

10.     On January 3, 2006, Defendant Kollen paid Plaintiff Camp $12,000 on the Note. However, since January 3, 2006, no additional payments have been made by Defendant Kollen on the Note.

11.     On January 9, 2005, Plaintiff Camp accelerated the Note, making all amounts to have been paid to him by Defendant Kollen immediately due and payable.

12.     Under the Note, in the event of a default, all outstanding amounts owed under the Note "shall bear interest at the rate of twenty-four percent (24%) or the maximum rate allowable by District of Columbia law, which ever is higher ('Default Rate'). In the event the Default Rate is instituted pursuant to the terms of this Note, such rate shall be retroactively effective as of October 1, 2005, and shall be applied to the then outstanding balance. The Default Rate shall also apply from demand until all amounts owed under this Note are paid in full." The Default Rate is the pre-judgment and post-judgment rate under any judgment obtained by Plaintiff Camp against Defendant Kollen.

13.     The Note contains the following confession of judgment clause:

> **CONFESSION OF JUDGMENT.** Maker hereby constitutes and appoints Holder or any attorney designated by Holder (any of the foregoing may act), as the true and lawful attorneys-in-fact for him, in his name, place and stead, and upon the occurrence of a Default in the payment of the Obligations due under this Note, at maturity, or upon acceleration, to confess judgment against Maker, in favor of Holder, before any court as Holder may determine in his sole and absolute discretion, for all amounts owed with respect

to the Obligations under and pursuant to this Note including, without limitation, all costs of collection and attorneys' fees, and court costs, hereby ratifying and confirming the acts of said attorney-in-fact as if done by Maker himself.

14.    Under the Note, Defendant Kollen is required to pay all of Plaintiff Camp's "reasonable expenses incurred to enforce or collect any of the Obligations including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses, whether incurred without the commencement of a suit, in any trial, arbitration, or administrative proceeding, or in any appellate or Bankruptcy proceeding."

## IV.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Camp demands judgment against Defendant Kollen in the amount $96,335.00 ($100,000.00, less $12,000.00, plus a late payment penalty of $1,750.00, plus $6,585.00 in pre-judgment interest from October 1, 2005, to and including January 10, 2006, calculated at the rate of twenty-four percent (24%)), plus all other pre-judgment interest at twenty-four percent (24%) that may accrue from January 10, 2006, until judgment is entered in this case, plus all expenses incurred by Plaintiff Camp to collect all amounts owed by Defendant Kollen under the Note and Judgment to Plaintiff Camp, plus post-judgment interest on the whole at the rate of twenty-four percent (24%).

Respectfully submitted,

Charles H. Camp (DC# 413575)
Law Offices of Charles H. Camp
1725 Eye Street, N.W., Suite 300
Washington, D.C. 20006
Telephone: 202-349-3905
Facsimile: 202-349-3906

Date: January 10, 2006

# **EXHIBIT 1**

## CONFESSION OF JUDGMENT PROMISSORY NOTE

$100,000.00                                      Effective as of October 1, 2005

Tomas O. Kollen
1900 L Street, N.W., Suite 725
Washington, D.C. 20036

("Maker"),

      AND

Charles H. Camp
Law Offices of Charles H. Camp
1725 Eye Street, N.W., Suite 300
Washington, D.C. 20006

("Holder").

### IMPORTANT NOTICE

**THIS NOTE CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS MAKER AND ALLOWS HOLDER TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE.**

Tomas O. Kollen (hereinafter "Maker") promises to pay to the order of Holder, in lawful money of the United States of America, at Holder's address indicated above or wherever else Holder may specify, the principal sum of ONE HUNDRED THOUSAND and No/100 Dollars ($100,000.00) plus interest on the unpaid principal balance at the rate and on the terms provided in this Promissory Note (including all renewals, extensions or modifications hereof, this "Note").

**PURPOSE AND CONSIDERATION.** This Note is being signed by Maker as an inducement to Holder to not withdraw from representing West Indies Network I, LLC in its currently pending litigation in the United States District Court for the Southern District of Florida, despite Maker's prior breaches of its retainer agreement with Holder, including the Maker's agreement to pay Holder $90,000.00 "upon completion of mediation to cover fees and expenses through trial."

**DISCOUNT SATISFACTION OF THIS NOTE.** Maker may satisfy his obligations under this Note by paying Holder a total of $79,700.00[1] by not later than December 31, 2005.

---

[1] Calculated as follows: $90,000.00 that had been due and payable on October 1, 2005, less $2,500.00 paid September 30, 2005, $6,000.00 paid October 7, 2005, and $1,800.00 paid December 9, 2005.

**REPAYMENT TERMS.** The first payment due under this Note shall be due and payable **on or before** December 31, 2005, in the amount of $35,000.00. Thereafter, this Note shall be payable in monthly installments of $10,000.00 per month, due **on or before** the first (1ˢᵗ) day of each month commencing February 1, 2006, until all amounts due hereunder are paid in full.

**TIME IS OF THE ESSENCE WITH REGARD TO ALL PAYMENTS DUE UNDER THIS NOTE.**

**INTEREST RATE.** Interest on this Note shall accrue on the unpaid principal balance of this Note from the date hereof at the rate of TWELVE PERCENT (12.00%) ("Interest Rate").

**DEFAULT RATE.** In addition to all other rights contained in this Note, if a Default (as defined herein) occurs, all outstanding amounts owed under this Note shall bear interest at the rate of twenty-four percent (24%) or the maximum rate allowable by District of Columbia law, which ever is higher ("Default Rate"). In the event the Default Rate is instituted pursuant to the terms of this Note, such rate shall be retroactively effective as of October 1, 2005, and shall be applied to the then outstanding balance. The Default Rate shall also apply from demand until all amounts owed under this Note are paid in full.

**PREPAYMENT ALLOWED.** This Note may be prepaid in whole or in part at any time. Any prepayment shall include accrued interest and all other sums then due under this Note. No partial prepayment shall affect the obligation of Maker to make any payment of principal or interest due under this Note on the date specified below in the Repayment Terms paragraph of this Note until this Note has been paid in full.

**APPLICATION OF PAYMENTS.** Monies received by Holder on this Note shall be applied to accrued interest and penalties, and then to principal. If a Default occurs, monies may be applied to the Obligations in any manner or order desired by Holder, in Holder's sole and absolute discretion.

**DEFINITIONS. Obligations.** The term "Obligations" used in this Note refers to any and all indebtedness and other obligations under this Note. **Certain Other Terms.** All terms that are used but not otherwise defined shall have the definitions provided in the Uniform Commercial Code.

**LATE CHARGE.** If any payments are not timely made (there being no grace period under this Note), Maker shall also pay to Holder a late charge equal to 5% of each payment past due.

Acceptance by Holder of any late payment without an accompanying late charge shall not be deemed a waiver of Holder's right to collect such late charge or to collect a late charge for any subsequent late payment received.

**ATTORNEYS' FEES AND OTHER COLLECTION COSTS.** Maker shall pay all of Holder's reasonable expenses incurred to enforce or collect any of the Obligations including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses,

whether incurred without the commencement of a suit, in any trial, arbitration, or administrative proceeding, or in any appellate or Bankruptcy proceeding.

**DEFAULT.** If any of the following occurs, a default ("Default") under this Note shall exist: **Nonpayment; Nonperformance.** The failure of timely payment or performance of the Obligations or Default under this Note. **Cessation; Bankruptcy.** The death of, appointment of a receiver for, assignment for the benefit of creditors of, or commencement of any Bankruptcy or insolvency proceeding by or against Maker, or any party to this Note.

**REMEDIES UPON DEFAULT.** If a Default occurs under this Note, Holder may at any time thereafter, take the following actions: **Holder Lien.** Foreclose its security interest or lien on Maker's property without notice. **Acceleration Upon Default.** Accelerate the maturity of this Note and, at Holder's option, any or all other Obligations, whereupon this Note and the accelerated Obligations shall be immediately due and payable. **Cumulative.** Exercise any rights and remedies as provided under the Note, or as provided by law or equity.

**CONFESSION OF JUDGMENT.** Maker hereby constitutes and appoints Holder or any attorney designated by Holder (any of the foregoing may act), as the true and lawful attorneys-in-fact for him, in his name, place and stead, and upon the occurrence of a Default in the payment of the Obligations due under this Note, at maturity, or upon acceleration, to confess judgment against Maker, in favor of Holder, before any court as Holder may determine in his sole and absolute discretion, for all amounts owed with respect to the Obligations under and pursuant to this Note including, without limitation, all costs of collection and attorneys' fees, and court costs, hereby ratifying and confirming the acts of said attorney-in-fact as if done by Maker himself.

**WAIVERS AND AMENDMENTS.** No waivers, amendments or modifications of this Note shall be valid unless in writing and signed by Holder. No waiver by Holder of any Default shall operate as a waiver of any other Default or the same Default on a future occasion. Neither the failure nor any delay on the part of Holder in exercising any right, power, or remedy under this Note shall operate as a waiver thereof, nor shall a single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or remedy.

Maker hereby waives presentment, protest, notice of dishonor, demand for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, notice of sale and all other notices of any kind. Further, Maker agrees that Holder may extend, modify or renew this Note or make a novation of the loan evidenced by this Note for any period, and grant any releases, compromises or indulgences with respect to any collateral securing this Note, all without notice to or consent of Maker without affecting the liability of Maker under this Note.

**MISCELLANEOUS PROVISIONS. Assignment.** This Note shall inure to the benefit of and be binding upon the parties and their respective heirs, legal representatives, successors and assigns. Holder's interests in and rights under this Note are freely assignable, in whole or in part, by Holder. Maker may not assign his rights and interest hereunder without the prior written consent of Holder. Any attempt by Maker to assign without Holder's prior written consent is null and void. Any assignment shall not release any Maker from the Obligations. **Applicable Law; Conflict Between Documents.** This Note shall be governed by and construed under the laws of

the laws of the District of Columbia without regard to that state's conflict of laws principles. **Jurisdiction.** Maker irrevocably agrees to non-exclusive personal jurisdiction in the District of Columbia and Virginia for all purposes, including discovery in aid of enforcement of this Note and the Judgment. **Severability.** If any provision of this Note shall be prohibited or invalid under applicable law, such provision shall be ineffective but only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note or other such document. **Notices.** Any notices to Maker shall be sufficiently given, if in writing and mailed or delivered to the Maker's address shown above or such other address as provided hereunder, and to Holder, if in writing and mailed or delivered to Holder's office address shown above or such other address as Holder may specify in writing from time to time. In the event that Maker changes his address at any time prior to the date the Obligations are paid in full, Maker agrees to promptly give written notice of said change of address by pre-paid courier or delivery service (*e.g.*, Federal Express or DHL).

**SECURITY.** Maker hereby grants Holder a lien on all property of whatever type and wherever located owned that is directly or indirectly by Maker, in order to secure Maker's obligations to Holder. Maker hereby authorizes Holder to take all necessary actions to record, perfect and enforce the lien granted hereunder by Maker to Holder.

**BANKRUPTCY.** Maker agrees that his obligations under this Note shall not be dischargeable in bankruptcy, and hereby waives any and all rights to claim that the Obligations under this Note are dischargeable in bankruptcy.

**PLACE OF DELIVERY.** Maker hereby certifies that this Note was delivered to Holder in the District of Columbia. Delivery to Maker by facsimile or email shall constitute delivery of this Note.

**MAKER:**

Tomas O. Kollen

**HOLDER:**

Charles H. Camp

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| Charles H. Camp, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No._____ |
| | ) |
| Tomas O. Kollen, | ) 06-0000111 |
| | ) |
| Defendant. | ) |

### ORDER

Pursuant to D.C. SCR-Civil Rule 68-I and the Confession of Judgment Promissory Note executed by and between Plaintiff Charles H. Camp ("Plaintiff") as Holder, and Defendant Tomas O. Kollen ("Defendant") as Maker, the Court hereby enters Judgment against Defendant in the amount $96,335.00, plus all other pre-judgment interest at twenty-four percent (24%) that may accrue from January 10, 2006, until this Judgment is entered in this case, plus all expenses incurred by Plaintiff to collect all amounts owed by Defendant to Plaintiff under the Note, plus post-judgment interest on the whole at the rate of twenty-four percent (24%).

SO ORDERED THIS ___ day of January 2006.

_____

**PLAINTIFF:**

Charles H. Camp

**DEFENDANT:**

Tomas O. Kollen

By: _____

Charles H. Camp, Pursuant to Power
Of Attorney Granted In Confession of
Judgment Promissory Note