SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| CHARLES H. CAMP,<br>Plaintiff<br><br>v.<br><br>TOMAS O. KOLLEN,<br>Defendant | )<br>)<br>)<br>)  Case No. 06CA111<br>)  Calendar 7<br>)  Judge Kravitz<br>)<br>)<br>) |

## ORDER GRANTING TOMAS O. KOLLEN'S MOTION TO COMPEL ARBITRATION

This action to enforce a confessed judgment note for unpaid legal fees is before the Court on the defendant's motion to compel arbitration. The defendant contends that a clause in the parties' retainer agreement requires that all disputes "concerning" the agreement be resolved through binding arbitration and that his alleged failure to pay the plaintiff's legal fees clearly "concerns" the legal services covered by the retainer agreement. The defendant notes that in its order of March 28, 2006 the Court relied upon the same provision of the retainer agreement in granting the plaintiff's motion to compel arbitration of the defendant's counterclaims.

The plaintiff has filed an opposition to the defendant's motion. The plaintiff argues that the confessed judgment note is a separate agreement between the parties that supercedes the arbitration clause of the retainer agreement by expressly authorizing the plaintiff to go directly to court to obtain a judgment in the event of the defendant's default on the note. The plaintiff cites three federal circuit court decisions for the proposition that "a dispute that arises under one agreement may be litigated notwithstanding a mandatory arbitration clause in a second agreement, even where the



two agreements are closely intertwined." *See Bouriez v. Carnegie Mellon University*, 359 F.3d 292, 295-96 (3d Cir. 2004); *Industrial Electronics Corp. of Wisconsin v. iPower Distribution Group, Inc.*, 215 F.3d 677, 681 (7th Cir. 2000); *Midwest Window Sys., Inc. v. Amcor Indus., Inc.*, 630 F.2d 535, 537 (7th Cir. 1980).

The Court concludes that the defendant has the more persuasive argument. As the plaintiff himself contended in his own successful motion to compel arbitration of the defendant's counterclaims, the parties' dispute over legal fees clearly "concerns" the legal work covered by the parties' retainer agreement and therefore falls well within the scope of the parties' agreement to arbitrate set forth in the arbitration clause of the retainer agreement. And although the non-binding federal court decisions cited by the plaintiff appear at first blush to support the plaintiff's position, at their core those decisions stand principally for the limited proposition that it is possible for parties to a contract that has an arbitration clause to waive their contractual right to insist on the arbitration of disputes by entering into a subsequent contract that contains no arbitration requirement. *See Midwest Window Sys., Inc.*, 630 F.2d at 537. In the District of Columbia, moreover, our Court of Appeals has endorsed a finding of a waiver of the right to arbitrate only where a party's conduct has been "clearly inconsistent with any intent to assert its right to arbitrate," such as when the party has "made a conscious decision to exploit the benefits of pretrial discovery and motion practice, with relation to the arbitral claims, that were fully available to it only in the judicial forum." *Hercules & Co. v. Beltway Carpet Service*, 592 A.2d 1069, 1074 (D.C. 1991). It is not possible here to make such a finding of waiver, as the litigation remains fairly new, and as the defendant has not exploited the benefits of pretrial discovery and motion practice available only in

the court process. Indeed, it would be entirely inequitable, in the Court's view, to make a finding of waiver only as to the defendant, as the relevant conduct of the parties has been virtually indistinguishable, each party having filed a claim in court and then moved to compel the submission of the other party's claim to arbitration.

Accordingly, it is this 27 day of April 2006

**ORDERED** that the defendant's motion is **GRANTED**. It is further

**ORDERED** that the plaintiff's claim for enforcement of the confessed judgment note shall be submitted to binding arbitration along with the defendant's counterclaims. It is further

**ORDERED** that this action shall be stayed in its entirety pending the outcome of the arbitration proceeding. It is further

**ORDERED** that the scheduling conference currently set for May 19, 2006 shall be cancelled. It is further

**ORDERED** that the case shall be set for a status conference on September 29, 2006 at 10:15 a.m.

Neal E. Kravitz, Associate Judge
(Signed in Chambers)

Copies mailed to:

Paul J. Maloney, Esq.
1615 L Street, NW
Suite 500
Washington, DC 20003

John M. Clifford, Esq.
1707 L Street, NW
Suite 500
Washington, DC 20036

DOCKETED In Chambers APR 27 2006

MAILED From Chambers APR 27 2006