SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| CHARLES H. CAMP,<br>    Plaintiff,<br><br>v.<br><br><br>TOMAS O. KOLLEN,<br>    Defendant. | )<br>)<br>)<br>) Civil Action No.: 06-0000111<br>) Next Event: Scheduling Conf., April 14, 2006<br>) Calendar 7<br>) Judge Neal E. Kravitz<br>)<br>) |

**TOMAS O. KOLLEN'S MOTION TO COMPEL ARBITRATION**

COMES NOW, defendant, Tomas O. Kollen, by counsel, and hereby moves to compel arbitration of the Complaint, as required by the retainer agreement.

Respectfully submitted,

CLIFFORD & GARDE

_____
John M. Clifford, D.C. Bar # 191866
1707 L Street, NW, Suite 500
Washington, DC 20036-5631
(202) 289-8990

Attorney for Defendant

Dated: April 7, 2006

1

## **CERTIFICATE OF JUDICIAL SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing *Motion to Compel Arbitration* was hand-delivered on this 7th day of April 2006 by the clerk of the court to Judge Kravitz's chambers.

_____
John M. Clifford

## **RULE 12-I (a) CERTIFICATE**

I HEREBY CERTIFY that I requested plaintiff to consent to submitting his complaint to arbitration, on April 3, 2006. Plaintiff responded by saying that he opposes arbitration of his complaint, therefore this motion was filed.

_____
John M. Clifford

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| CHARLES H. CAMP, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 06-0000111 |
| | ) | Next Event: Scheduling Conf., April 14, 2006 |
| | ) | Calendar 7 |
| TOMAS O. KOLLEN, | ) | Judge Neal E. Kravitz |
|     Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT TOMAS O. KOLLEN'S MOTION TO COMPEL ARBITRATION**

**INTRODUCTION**

On January 10, 2006 plaintiff Camp filed his "Motion for Judgment" herein, seeking to enforce a confessed judgment note against his client, defendant Kollen. The confessed judgment note seeks to recover attorney's fees allegedly earned by Camp pursuant to the retainer agreement. Defendant Kollen filed an Answer and Counterclaim on January 31, 2006. On March 28, this Court denied plaintiff's motion to dismiss the counterclaim, but granted his alternative motion to compel arbitration. The Court stated that

"[t]he defendant has not asked the Court to compel plaintiff to submit his claim for unpaid legal fees to binding arbitration pursuant to paragraph 5 of the retainer agreement, and he appears to be of the view that the arbitration clause does not apply to plaintiff's claim in light of the confessed judgment note. The Court states no opinion on this issue."

Order of 3/28/06, pp. 3-4, n.1.

The Court was correct about the fact that defendant had not asked to compel arbitration of the claim for legal fees, but misunderstood defendant's reason (due to unclear drafting by the undersigned). Defendant maintains that the arbitration clause does not apply to any of the claims

or counterclaims in this action, pursuant to Rule 1.8(a) of the Rules of Professional Conduct and Opinion 211. It is plaintiff who claims that the arbitration clause applies to everything except his claim for fees, maintaining that his "request for the entry of judgment by confession is a based on a separate instrument and is not subject to the arbitration clause in the retainer agreement." Plaintiff's Mem. at 6. The point that defendant was trying (but failed) to make was that plaintiff used the confessed judgment note in an attempt to give his own fee claim preferential treatment, while leaving his client to pursue any remedies through the more costly route of arbitration. Thus, plaintiff was engaging in exactly the sort of conflict of interest that Opinion 211 is intended to prevent.

In any event, now that the Court has ruled that defendant must submit his counterclaim to arbitration, it makes sense to arbitrate the entire case. Indeed, if plaintiff's claim for fees is tried to a jury and defendant's counterclaim is submitted to arbitration, there is a risk that conflicting findings will result. Accordingly, defendant requests that the Court stay this entire proceeding, including plaintiff's fee claim, pending the outcome of binding arbitration.

## ARGUMENT

The argument in favor of arbitration was well (and convincingly) stated in plaintiff's Memorandum in support of his motions to dismiss or compel arbitration:

> A motion to compel arbitration invokes the well-established preference for arbitration when the parties have expressed a willingness to arbitrate. *Friend v. Friend*, 609 A.2d 1137, 1138 (D.C.1992) (citing *Robinson v. Booker*, 561 A.2d 483 (D.C. 1989). Federal and District of Columbia statutes "are in agreement on the issue of favoring arbitration when the parties have entered into a contract containing an arbitration clause." *Id.* (citing *Weatherly Cellaphonics Partners v. Hueber*, 726 F.Supp. 319, 322 n.5 (D.D.C. 1989) ("as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration"); *Carter v. Cathedral Avenue Cooperative, Inc.*, 566 A.2d 716, 717

2

(D.C. 1989) (District of Columbia decisions "have recognized this same principle" (citations omitted)). "The preference for arbitration is essentially a generalized inference of the parties' intent; courts will presume that an arbitration clause agreed upon by the parties was intended to foreclose judicial involvement in their disputes." *Id.*

Plaintiff's Memorandum at pp. 5-6.

The retainer agreement drafted by plaintiff and signed by defendant -- the basis for plaintiff's claim for attorney's fees-- requires arbitration of "any disputes."  Plaintiff's complaint ("motion for judgment") is his effort to collect fees he claims to have earned while performing services under the retainer agreement.  Defendant disputes plaintiff's claimed entitlement, for the reasons raised in his affirmative defenses, answer to the complaint and counterclaim.  On the face of it, if any part of the dispute is subject to arbitration, then all of it is.

Nevertheless, plaintiff argues that the confessed judgment note is a "separate instrument," that is not subject to the arbitration clause.  But, leaving aside the fact that the Note constitutes a patent conflict of interest, [1] and that it was signed under duress, its effectiveness to negate the arbitration clause is a question for the arbitrator.  And, as plaintiff argued so persuasively in his own memorandum, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."

---

[1] The Court of Appeals has suspended lawyers for obtaining such notes from their clients.  *See In re Douglass*, 859 A.2d 1069, 1982 (D.C. 2004); *In re McLain*, 671 A.2d 951 (D.C. 1996); *In re James*, 452 A.2d 163 (D.C.1982).

WHEREFORE, it is respectfully requested that this Court grant defendant's motion to compel arbitration.  Alternatively, if the Court is persuaded to deny this motion, defendant requests that the Court stay the litigation of plaintiff's complaint pending the outcome of the arbitration of the counterclaim.

                                        Respectfully submitted,

                                        CLIFFORD & GARDE

                                        _____

                                        John M. Clifford, Bar No. 191866
                                        1707 L St., N.W. Suite 500
                                        Washington, D.C.  20036
                                        Phone  202-289-8990 x 104
                                        Fax     202-289-8992
                                        Attorney for Defendant

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| CHARGES H. CAMP,    )<br>    Plaintiff,    )<br>                    )<br>v.    )<br>                    )<br>                    )<br>TOMAS O. KOLLEN,    )<br>    Defendant.    )  | Civil Action No.: 06-0000111<br>Next Event: Scheduling Conf., April 14, 2006<br>Calendar 7<br>Judge Neal E. Kravitz |

*Reformatted caption:*

CHARLES H. CAMP,  )
   Plaintiff,  )
              )
v.  )  Civil Action No.: 06-0000111
              )  Next Event: Scheduling Conf., April 14, 2006
              )  Calendar 7
TOMAS O. KOLLEN,  )  Judge Neal E. Kravitz
   Defendant.  )

**O R D E R**

UPON CONSIDERATION of defendant's Motion to Compel Arbitration, and any opposition thereto, it is by the Court this ____ day of _____, 2006

ORDERED, that defendant's Motion to Compel Arbitration be, and the same hereby is GRANTED; and it is further

ORDERED, that plaintiff's Complaint be stayed pending the outcome of binding arbitration.

                                                              _____
                                                               Judge Neal E. Kravitz

cc:    John M. Clifford, Esquire
        Clifford & Garde
        1707 L Street, N.W., Suite 500
        Washington, D.C.  20036

        Paul J. Maloney, Esquire
        Carr Maloney P.C.
        1615 L Street, N.W., Suite 500
        Washington, D.C.  20036

Charles H. Camp, Esquire
1725 Eye Street, N.W., Suite 300
Washington, D.C. 20006