UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Charles H. Camp, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 06cv692 (RJL) |
| ) | |
| Tomas O. Kollen, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM OF POINT AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S RENEWED
MOTION TO DISMISS VERIFIED COMPLAINT**

Plaintiff Charles H. Camp ("Camp"), *pro se*, hereby opposes Defendant Tomas O. Kollen's Renewed Motion to Dismiss Verified Complaint (the "Motion") as follows:

I.

**DISCUSSION**

**CAMP'S *UNCONFIRMED* ARBITRATION AWARD
DOES NOT SUPPORT *RES JUDICATA***

Defendant Tomas O. Kollen ("Kollen") argues that Plaintiff Camp's November 14, 2007, *unconfirmed* (and unpaid) arbitration award against Kollen in the amount of $62,500.00 is *res judicata* and prevents Camp from seeking a

judgment from this District Court for the full amount owed to him under the $100,000 Confession of Judgment Promissory Note (the "Note").[1]

Under District of Columbia Code Section 16-4313, an arbitral award must be confirmed in order to "be enforced as any other judgment or decree." Thus, unless and until a court issues an "order confirming, modifying or correcting an award" it is not a judicial "judgment or decree" enforceable as "any other judgment or decree." *Id.*

In *Gruntal & Co., Inc. v. Steinberg*, 854 F. Supp. 324, 337-38 (D. Md. 1994), the District Court, in applying a Maryland statute identical to D.C. Code section 16-4313, held that,

> **Absent judicial confirmation, an arbitration award will not result in a 'final judgment' and cannot, therefore, have preclusive effect on subsequent litigation.** . . . [Footnote citing to Maryland Code Annotated Section 3-228 omitted.] **Courts have accordingly refused to give unconfirmed arbitration awards issue preclusive effect in subsequent litigation.** *See Leddy v. Standard Drywall, Inc.*, 875 F.2d 383, 385 (2d Cir. 1989) ("**It is the *judgment* entered on an arbitration award that is given preclusive effect in subsequent litigation. An arbitration award that is not filed and confirmed in an appropriate court is without effect.**" (emphasis in original)); *Scott v. Snelling and Snelling, Inc.*, 732 F. Supp. 1034, 1039

---

[1] Obviously, Camp cannot collect the total amount that is owed to him under the Note more than once and has no intention of seeking to recover on both the arbitral award and any judgment entered by this Court. As of today, March 24, 2008, Kollen owes Camp the following amounts on the Note: $88,000.00 in principal, a $1,750.00 late payment penalty, $53,407.39 in interest for 905 days (on $89,750.00), and legal fees and expenses of $17,461.45, which amounts total $160,618.84.

> (N.D. Cal. 1990) ("Here, the award of the arbitrator . . . has apparently not been confirmed by either a Federal or state court. Hence, it does not constitute a final judgment for [issue preclusion] purposes"); *see also [General Committee of Adjustment, United Transportation, Western Maryland R. Co. v.] CSX Railroad, Inc.*, 893 F.2d 584, 593 (refusing to give arbitration award issue preclusive effect in part because 'a petition to review the . . . arbitration decision is still pending in a Federal district court'); *Singer Co. v. Tappan Co.*, 593 F.2d 545, 549 (3d Cir. 1979) ("The final judgment confirming the award therefore properly forecloses future litigation . . .").

(Emphasis added.)

In *Leddy v. Standard Drywall, Inc.*, 875 F.2d 383, 385-86 (2d Cir. 1989), the Second Circuit held,

> Arbitration proceedings can, but do not necessarily, have preclusive effect on subsequent federal court proceedings. *See Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 223, 84 L.Ed. 2d 158, 105 S.Ct. 1238 (1985); *Benjamin v. Traffic Executive Association Eastern Railroads*, 869 F.2d 107 (2d Cir. 1989). Here, however, we need not reach the issue of whether an arbitration award should be given preclusive effect by a federal court adjudicating an ERISA claim. Appellants concede that the arbitrator's award on the contract claim, which was governed by New York law, was never confirmed and entered as a judgment pursuant to N.Y. Civ. Prac. L. & R. 7510 & 7514 (McKinney 1980). Under New York law, **it is the *judgment* entered on an arbitration award that is given preclusive effect in subsequent litigation. . . . An arbitration award that is not filed and confirmed in an appropriate court is without effect.** *Flora Fashions Inc. v. Commerce Realty Corp.*, 8 N.Y.S. 2d 384, 386 (Sup. Ct. 1948).

\* \* \*

**[T]he failure to enter the arbitration award as a judgment is sufficient to bar any preclusive effect.**

(Emphasis added.)

Similarly, in *Shtab v. The Greate Bay Hotel and Casino, Inc.*, 173 F. Supp. 2d 255, 261 (D.N.J. 2001), the District Court, in reliance upon *Gruntal & Co., Inc. v. Steinberg, supra,* held that, "An arbitration award is not considered 'final' for purposes of issue preclusion absent judicial confirmation of the award, *Gruntal*, 854 F. Supp. at 337, and, for this reason, **unconfirmed arbitral awards have been denied preclusive effect in subsequent litigations**. [Citations to *Leddy v. Standard Drywall, Inc., Singer Co. v. Tappen Co.,* and *Scott v. Snelling and Snelling, Inc.* omitted.]" (Emphasis added.)

In support of its argument that Camp's unconfirmed (and unpaid) arbitration award against Kollen is *res judicata* in this case, Kollen erroneously cites (Motion at 5) *Century International Arms, Ltd. v. The Federal State Unitary Enterprise State Corporation Rosvoorouzhenie*, 172 F. Supp. 2d 79, 95 (D.D.C. 2001). But *Century* has no application to this case, as the Swiss arbitration award at issue in *Century* was confirmed by a Swiss court and possibly also by a Montreal court. See *Century*, 172 F. Supp. 2d at 87 ("[T]he [Swiss] appellate court upheld the arbitration award . . . . After the arbitration award was entered and the appeal

denied, the defendant instituted an action in Montreal for confirmation of the award.").

Likewise, Kollen's Motion (at 5) also erroneously cites *Schattner V. Girard, Inc.*, 668 F.2d 1366 (D.C. Cir. 1981), a case involving a *confirmed* arbitral award. *See Schattner* at 1368 ("On July 1, 1980, the district court granted cross-motions for summary judgment and in effect confirmed the arbitration award in toto.").

In sum, numerous cases from across the country, including one from Maryland applying a statute identical to the controlling District of Columbia statute, hold that an *unconfirmed* arbitral award is *not* a judgment that can serve as a basis for *res judicata*. And Defendant Kollen can cite NO cases to the contrary.

### CONCLUSION

For all of these reasons, Kollen's Renewed Motion to Dismiss Verified Complaint should be denied, and Camp's long-pending May 1, 2006, Motion for Judgment should be granted.

Respectfully submitted,

_____
Charles H. Camp (DC Bar No. 413575)
Law Offices of Charles H. Camp
1319 18th Street, N.W.
Washington, D.C. 20036
Tele. (202) 457-7786
Fax   (202) 457-7788

Date: March 24, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Opposition was served via the Court's ECF system this 24th day of March 2008 upon Defendant Kollen's counsel as follows:

>John M. Clifford, Esquire
>Clifford & Garde
>1707 L Street, N.W., Suite 500
>Washington, D.C.  20036

_____
Charles H. Camp

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Charles H. Camp,<br><br>    Plaintiff,<br><br>v.<br><br>Tomas O. Kollen,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Case No. 06cv692 (RJL)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Upon consideration of Defendant Tomas O. Kollen's Renewed Motion to Dismiss Verified Complaint, and Plaintiff Charles H. Camp's Opposition thereto, Kollen's Renewed Motion is denied, and Camp's Motion for Judgment is granted. Defendant Kollen's May 12, 2006, Motion to Dismiss Verified Complaint and for Sanctions likewise is denied.

**SO ORDERED** this ___ day of _____ 2008.

_____
**Honorable Richard J. Leon**
**United States District Judge**