## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES H. CAMP, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:06CV00692 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| TOMAS O. KOLLEN, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO THE RENEWED MOTION TO DISMISS VERIFIED COMPLAINT

Defendant Tomas O. Kollen respectfully submits this reply to Plaintiff Charles H. Camp's Opposition to the Renewed Motion to Dismiss the Verified Complaint. Plaintiff's Opposition focuses exclusively on the status of the District of Columbia Bar Attorney/Client Arbitration Board Arbitration Award ("Arbitration Award")—that the award has not yet been confirmed by the D.C. Superior Court. Plaintiff does not address the facts that a member of the Bar cannot challenge the binding effect of the arbitration, and that the amount in controversy is established to be below the jurisdictional limit.

While Plaintiff exposes an unfinished aspect of the binding arbitration he initiated and willingly participated in, this is easily resolved with a motion to the D.C. Superior Court to confirm judgment. D.C. Superior Court Rule 70-I(b) states:

> (b) Confirmation of arbitration awards. An arbitration award, the judicial confirmation of which is authorized by statute or other applicable principles of law may be confirmed as a judgment by filing a motion setting forth that (1) there was a written agreement or order to arbitrate, (2) there was an award rendered pursuant to the arbitration, and (3) there are annexed to the pleading copies of the following:
> (A) The agreement or order to arbitrate;
> (B) The selection or appointment, if any, of any arbitrator or umpire other than that designated in the agreement or order;
> (C) Each written extension of time, if any, within which to make the award;

(D) The award;
(E) Each notice, affidavit or other paper used upon any application to confirm, modify, or correct the award; and
(F) A copy of each order upon such an application.

D.C.Super.Ct.Civ.R. 70-I. The Arbitration Award can be confirmed by either party filing a motion complying with the above requirements. Logic dictates that the winning party—here, Plaintiff—would file such a motion. It appears that Plaintiff is not interested in confirming the Arbitration Award and collecting his judgment. However, unwillingness to file for confirmation does not make the Arbitration Award any less binding. Defendant also could file a motion to confirm with the D.C. Superior Court. Although it is rather anomalous for the losing party to do so, if the Court finds that a motion to confirm must be filed in the D.C. Superior Court prior to the Court dismissing this case, Defendant will file expeditiously.

Further, although the Arbitration Award is unconfirmed, Plaintiff has waived his right to vacate the award. This Court has held that when a party does not object to arbitration through the D.C. Superior Court before or during proceedings, then participates fully in the arbitration, he waives his right to challenge the jurisdiction or the arbitrability of the claim. *Howard University v. Metropolitan Campus Police Officer's Union*, 519 F.Supp.2d 27 (D.D.C. 2007). If Defendant files a motion to confirm the Arbitration Award, it will be confirmed; Plaintiff has waived grounds to vacate, absent a claim of fraud (which cannot be established under these facts). Therefore, although Plaintiff is correct that the Arbitration Award is presently unconfirmed, there is no doubt that the D.C. Superior Court will confirm it, once a motion is filed. At that point, Plaintiff will have no remaining grounds to delay dismissal of the case.

Alternatively, this Court may dismiss the case immediately, for lack subject matter jurisdiction. Simply stated, the amount in controversy has been established by the binding

Arbitration Award, as $62,500 plus interest.   This is less than $75,000, the amount required to maintain diversity jurisdiction.  28 U.S.C. §1332(a).

For these reasons, along with those outlined in the Renewed Motion to Dismiss the Verified Complaint, Defendant respectfully requests that the Court dismiss the verified complaint.

Respectfully submitted,

CLIFFORD & GARDE

___/s/_____
John M. Clifford, Bar No. 191866
1707 L St., N.W. Suite 500
Washington, D.C.  20036
Phone  202-289-8990 x 104
Fax     202-289-8992

COUNSEL FOR DEFENDANT