UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES H. CAMP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Case No. 06-692 (RJL) |
| TOMAS O. KOLLEN, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION
(July 25, 2008) [#14]

Plaintiff Charles H. Camp ("Camp" or "plaintiff"), an attorney proceeding *pro se*, has sued Tomas O. Kollen ("Kollen" or "defendant") for breach of contract arising out of the parties' attorney-client relationship. Currently before the Court is Kollen's motion to dismiss plaintiff's complaint on the basis of *res judicata*. Upon review of the pleadings and the applicable law, the Court GRANTS defendant's motion to dismiss.

## BACKGROUND

Plaintiff Camp has filed nearly identical lawsuits in this Court and in the Superior Court of the District of Columbia (the "Superior Court"). The Superior Court action ("Case One"), filed on January 10, 2006, alleges breach of contract arising from Kollen's failure to make payments pursuant to a promissory note executed between the parties in December 2005 (the "Note"). (*See* Def.'s Mot. Dismiss, Ex. DC Superior Court Mot. Judgment [Docket No. 14-3] (hereinafter "Superior Court Compl.").) On April 18, 2006,

1

Camp filed the diversity action pending before this Court ("Case Two"). Camp advances a single claim in Case Two for breach of contract arising from Kollen's failure to make payments on the Note. (*See* Compl. ¶¶ 8-10.)

Upon Defendant Kollen's motion, the Superior Court ordered that Case One be submitted to binding arbitration. (*See* Def.'s Mot. Dismiss, Ex. Superior Court Order Compelling Arbitration (entered April 27, 2006) [Docket No. 14-4] (hereinafter "Superior Court Order").) This Court stayed Case Two pending resolution of the arbitration ordered by the Superior Court.[1] (*See* Mem. Order (entered March 16, 2007) [Docket No. 8].) On November 14, 2007, the parties participated in arbitration proceedings with the District of Columbia Bar Attorney/Client Arbitration Board ("ACAB"). (*See* Def.'s Mot. Dismiss, Ex. Arbitration Decision and Award [Docket No. 14-5].) ACAB issued a final and binding decision that same day and awarded plaintiff $62,500 plus interest. (*Id.*) Defendant now moves to dismiss plaintiff's complaint on the ground that it is barred by *res judicata*. For the following reasons, the Court GRANTS defendant's motion to dismiss.

## ANALYSIS

### I. Standard of Review

Defendant's motion to dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. "A motion to dismiss pursuant to 12(b)(6) challenges the adequacy of a complaint on its

---

[1] Now that the ACAB arbitration has been completed, the stay is lifted and defendant's motion to dismiss is ripe for consideration.

face, testing whether a plaintiff has properly stated a claim." *Hemphill v. Kimberly-Clark Corp.*, 530 F. Supp. 2d 108, 110 (D.D.C. 2008) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted)). In deciding a motion to dismiss, "the Court must construe the complaint in the light most favorable to the plaintiff and give the plaintiff the benefit of all inferences." *Stephens v. United States*, 514 F. Supp. 2d 70, 73 (D.D.C. 2007) (citing *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004)); *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (noting that pleadings of a *pro se* plaintiff are to be liberally construed by the Court). In making its determination on a 12(b)(6) motion, the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."[2] *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted).

## II. Res Judicata

Under the doctrine of *res judicata*, also known as claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the same cause of action."[3] *Apotex Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir.

---

[2] "A court may take judicial notice of public records from other proceedings." *Hemphill*, 530 F. Supp. 2d at 111; *see also Covad Comms. Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) ("[C]ourt may look to record of another proceeding 'to avoid unnecessary proceedings when an undisputed fact on the public record makes it clear that the plaintiff does not state a claim upon which relief could be granted.'") (quoting *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1228 (D.C. Cir. 1993)).

[3] "*Res judicata* is an affirmative defense that is generally pleaded in a defendant's answer, but it is also properly brought in a pre-answer Rule 12(b)(6) motion when all relevant facts are shown by the court's own records, of which the court takes notice." *Evans v. Chase Manhattan Mortg. Corp.*, 2007 WL 902306, *3 (D.D.C.) (citations and quotations omitted); *see also Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 76-77 (D.C. Cir.1997) (noting that courts have allowed parties to raise the *res judicata* defense under Rule 12(b)(6)).

2004). "*Res judicata* plays a central role in advancing the 'purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions.'" *Id.* (quoting *Montana v. United States,* 440 U.S. 147, 153 (1979)). "As the Supreme Court has explained: 'To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.* (quoting *Montana,* 440 U.S. at 153-54). Thus, claim preclusion "embodies the principle that a party who once has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *SBC Comms. Inc. v. FCC,* 407 F.3d 1223, 1229 (D.C. Cir. 2005) (quotations and citations omitted).

Under District of Columbia law,[4] "[f]or *res judicata* to apply, the following elements must be satisfied: (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4)

---

[4] Under the Full Faith and Credit Act, 28 U.S.C. § 1738 (2000), "judicial proceedings . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." "It has long been established that § 1738 does not allow federal courts to employ their own rules of *res judicata* in determining the effect of state judgments," but rather "goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (internal quotation and citation omitted). Accordingly, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Distr. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Because the ACAB award was rendered in the context of a District of Columbia action, "the preclusive effect in federal court of [this] state-court judgment is determined by [District of Columbia] law." *Id.* However, because there are "no material differences in the District of Columbia's law of *res judicata* and the federal common law of *res judicata*," the Court relies on both D.C. and federal precedent to inform its analysis. *Stanton*, 127 F.3d at 78 n.4 ("The D.C. law of claim preclusion does not differ significantly from the federal. D.C. courts articulating the doctrine commonly cite federal cases applying federal law.").

an identity of the cause of action in both suits." *American Forest Council v. Shea*, 172 F. Supp. 2d 24, 29 (D.D.C. 2001) (internal quotations and citations omitted); *see also Watergate West, Inc. v. Barclays Bank, S.A.*, 759 A.2d 169, 179 (D.C. 2000). In this case, there is no dispute that there is identity of parties and causes of action. As is evident from the face of the Superior Court Complaint, (*see* Superior Court Compl. [attached as Docket No. 14-3]), of which this Court takes judicial notice,[5] and the face of the Complaint in this action, the parties are identical in both suits and Camp advances the same cause of action in both suits (*i.e.*, breach of contract arising from Kollen's failure to make payments on the Note). (*Compare* Superior Court Compl. *with* Compl.) Moreover, neither party challenges the competency of the Superior Court's jurisdiction, (*see* Superior Court Compl. p. 7, ¶ 1), or the competency of ACAB to arbitrate their dispute. The D.C. Superior Court ordered the parties to participate in binding arbitration, (*see* Superior Court Order), and Camp signed an agreement to arbitrate before ACAB, acknowledging ACAB as the forum in which the dispute would be resolved, (*see* Def.'s Mot. Dismiss, Ex. Arbitration Agreement [Docket No. 14-8]).

Camp's only plausible argument against dismissal of his suit on *res judicata* grounds is that the ACAB award is not a final judgment deserving preclusive effect because the award is unconfirmed.[6] (*See* Pl.'s Opp'n 2.) Plaintiff's argument, however,

---

[5]    The Court also takes judicial notice of the following: the Superior Court order compelling arbitration, (*see* Superior Court Order [attached as Docket No. 14-4]); the arbitration agreement signed by Plaintiff Camp, agreeing to arbitrate his claim before ACAB, (*see* Def.'s Mot. Dismiss, Ex. Arbitration Agreement [Docket No. 14-8]); and the arbitration award issued by ACAB (*see* Def.'s Mot. Dismiss, Ex. Arbitration Decision and Award [Docket No. 14-5]).

[6]    Camp does not contest the settled principle that "[t]he decisions of binding arbitration proceedings are final decisions on the merits for purposes of *res judicata*." *Century Int'l Arms, Ltd. v.*

is not persuasive. In this case, the parties agreed to participate in binding arbitration, ACAB rendered a "final and binding" decision on the merits, and neither party has challenged that decision. *See Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 267-68 (2d Cir. 1997) (giving unconfirmed arbitration award preclusive effect where there was a final disposition on the merits from which no appeal was taken). That the ACAB award has not been confirmed does not change the final and binding nature of the award.[7] Confirmation by the Superior Court is a summary process[8] and is mandatory where, as here, no basis for vacating or modifying or correcting the award has been advanced within the time limits imposed by the D.C. arbitration statute. *See* DC CODE § 16-4310 ("[T]he Court *shall* confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award.") (emphasis added); *see also Val-U Const. Co. of S. D. v. Rosebud Sioux Tribe*, 146 F.3d 573, 581 (8th Cir. 1998) (giving unconfirmed arbitration award preclusive effect where confirmation was mandatory). Either party can seek confirmation of the ACAB award in the Superior

---

*Fed. State Unitary Enter. State Corp. 'Rosvoorouzheinie'*, 172 F. Supp. 2d 79, 95-96 (D.D.C. 2001) (citing *Schattner v. Girard, Inc.*, 668 F.2d 1366, 1368 (D.C. Cir. 1981)); *see also Shore v. Groom Law Group*, 877 A.2d 86, 95-96 (D.C. 2005) (final arbitration award given preclusive effect).

[7] Although the preclusive effect of *unconfirmed* arbitration awards has not been addressed by D.C. courts or by this Circuit, the weight of authority in other jurisdictions is in favor of finding that an unconfirmed arbitration award is a final judgment on the merits and has preclusive effect under the doctrine of *res judicata*. *See, e.g., Jacobson*, 111 F.3d at 267-68 ("*[R]es judicata* and collateral estoppel apply to issues resolved by arbitration where there has been a final determination on the merits, notwithstanding a lack of confirmation of the award.") (quotations and citations omitted); *Val-U Const. Co. of S. D. v. Rosebud Sioux Tribe*, 146 F.3d 573, 581 (8th Cir. 1998) ("The fact that the award in the present case was not confirmed by a court . . . does not vitiate the finality of the award.") (citations and quotations omitted); *see also In re Robinson*, 256 B.R. 482, 488 (S.D. Ohio 2000); *In re Breckemeyer*, 222 B.R. 318, 321 (W.D. Tenn. 1998).

[8] *See* DC Super. Ct. Civ. R. 70-I ("Proceedings upon [a motion to confirm arbitration award] shall be summary with discovery permitted only upon a showing of good cause.").

Court. That neither has done so at this time does not change the fact that Camp had a full and fair opportunity to litigate his claim at the arbitration hearing and that ACAB rendered a final and binding decision. *See Apotex Inc.*, 393 F.3d at 217. The Court therefore finds that, notwithstanding the lack of confirmation, the ACAB award is a final judgment on the merits entitled to preclusive effect. Accordingly, Camp's claim against Kollen is barred by *res judicata*.

## CONCLUSION

For the foregoing reasons, this Court GRANTS defendant's Motion to Dismiss plaintiff's complaint on the basis of *res judicata*. An appropriate Order consistent with this ruling accompanies this Opinion.

_____
RICHARD J. LEON
United States District Judge